IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANHART,<br><br>  *Plaintiff*,<br><br>v.<br><br>AJP EDUCATION FOUNDATION, d/b/a/ AMERICAN MUSLIMS FOR PALESTINE, WESPAC FOUNDATION, INC., STUDENTS FOR JUSTICE IN PALESTINE, DISSENTERS, EDUCATION FOR A JUST PEACE IN THE MIDDLE EAST, d/b/a US CAMPAIGN FOR PALESTINIAN RIGHTS, JEWISH VOICE FOR PEACE, TIDES CENTER, d/b/a COMMUNITY JUSTICE EXCHANGE, JINAN CHEHADE, SUPERIOR MURPHY, RIFQA FALANEH, and SIMONE TUCKER,<br><br>  *Defendants*. | No.  24-cv-8209-MMR-KHH |

**BRIEF IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT SIMONE TUCKER AND TO PERMIT ALTERNATIVE SERVICE**

Plaintiff Christopher Manhart respectfully requests an extension of the deadline to serve Defendant Simone Tucker pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as well as an order permitting service by alternate means pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and the Illinois Code of Civil Procedure 735 ILCS § 5/203-1.

Plaintiff filed the initial complaint on September 9, 2024, and on the same date, the Court's Clerk issued a summons for Simone Tucker. Despite Plaintiff's diligent efforts to serve Tucker, those efforts have not been successful. Because good cause justifies an extension, Plaintiff respectfully requests that that the Court extend the period to serve Tucker. Moreover, because traditional methods

1

of service have so far been unsuccessful, Plaintiff moves the Court to enter an order permitting service by alternative means. Plaintiff requests an extension of six weeks after the date of entry of the order to serve by alternative means, or any other period the Court deems appropriate.

## ARGUMENT

### I. Good Cause Warrants an Extension of Time for Service

"If good cause is shown, the court *shall* extend the time for service for an appropriate period." *Panaras v. Liquid Carbonic Indus., Corp.*, 94 F.3d 338, 340 (7th Cir. 1996); *accord* Fed. R. Civ. Pro. 4(m) ("if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period"). A plaintiff typically demonstrates good cause by exercising "reasonable diligence" in attempting service. *Balchenski v. Malnati*, 11 F.3d 1371, 1376 (7th Cir. 1993). In addition, good cause can be shown where there is "a valid reason for delay, such as the defendant's evading of service." *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). In this instance, Plaintiff has exercised reasonable and timely due diligence in attempting service of Tucker.

#### A. Efforts To Serve Defendant Tucker

Simone Tucker maintains a profile on LinkedIn that indicates that Tucker is a student organizer for the Chicago chapter of Defendant Jewish Voice for Peace. (Dkt. 33-1 ¶ 25). Plaintiff's counsel identified an address for Simone Tucker on Gunnison Avenue on the north side of Chicago. Plaintiff's counsel tasked OneLegal to serve Tucker at that address, and on September 14, a process server attempted to serve Tucker there. The process server encountered a male resident of the building who stated Tucker used to live in the building, but no longer resides there. (Hedley Decl. ¶¶ 6–8).

On October 10, 2024, counsel for Defendant Jewish Voice for Peace (JVP) filed a notice of appearance and contacted Plaintiff's counsel regarding an extension of time to respond to the complaint. Plaintiff's counsel responded by agreeing to the extension and inquired whether counsel for JVP would accept or waive service on behalf of Tucker since Tucker is an employee/agent of JVP. Counsel for JVP indicated that they do not represent Tucker and declined to waive or accept service on Tucker's behalf. (Hedley Decl. ¶ 10).

Plaintiff's counsel identified two in-person events sponsored by JVP's Chicago chapter at which Tucker might be present, one on October 18 and the other on November 3. In both instances, Plaintiff attempted to arrange for service, but OneLegal could not identify a process server who was available to perform the service at those specific dates, times and locations. (Hedley Decl. ¶¶ 11–13) On November 5, counsel for Plaintiff again contacted counsel for JVP and inquired whether JVP could share accurate contact information for Tucker, including a phone number or email address, that could assist in locating and serving Tucker. Counsel for JVP again indicated that they did not represent Tucker and could not accept or waive service on behalf of Tucker, and further declined to share any contact information "due to employee privacy." (Hedley Decl. ¶ 14).

Thereafter, at Plaintiff's continued behest, OneLegal identified two more recent addresses for Tucker: one on Lunt Avenue on the north side of Chicago where Tucker apparently resided for approximately two months; and the other on Sheridan Road in Chicago where Tucker apparently resided starting in October 2024. (Hedley Decl. ¶ 15). Plaintiff's counsel tasked OneLegal to attempt service again at the Gunnison Avenue address and confirm that Tucker no longer resided there. On November 20, a process server attempted service at the Gunnison address and encountered Tucker's former roommate who confirmed that Tucker no longer lived there. (Hedley Decl. ¶ 16). Around the same time, Plaintiff's counsel sent two emails to email accounts associated with Tucker: one to the general email account for the Chicago chapter of JVP, Tucker's employer; and the second to a Gmail account apparently associated with Tucker. The emails stated that a complaint had been filed naming Tucker as a defendant and asked Tucker to contact Plaintiff's counsel to arrange for service or waiver of service. There was no response to either email. (Hedley Decl. ¶ 17).

On November 22, 2024, a OneLegal process server gained access to the Sheridan Road address that OneLegal identified as Tucker's most recent address in Chicago. The building is a large apartment building, but the search performed by OneLegal did not return a unit number for Tucker. Moreover, there was no directory or names on the mailboxes. According to the process server, there is no office or building employee on site to confirm if Tucker does reside at the Sheridan Road address. (Hedley Decl. ¶ 18).

3

Accordingly, Plaintiff has demonstrated good cause under Rule 4(m) justifying extending the deadline to serve Defendant Simone Tucker. *See Parnas v. Liquid Carbonic Indus., Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). Plaintiff has used diligent and reasonable efforts to serve Tucker who has so far avoided service. Further, Tucker's employer, JVP, is a Defendant in this case but its counsel has declined to assist efforts to properly serve Tucker. An extension of the period for service is unlikely to prejudice Tucker, particularly since the Court extended the time for defendants to respond to the amended complaint until January 27, 2025, and Tucker is fully on notice of the matter through the emails Plaintiff sent to her and through her employer JVP. Dkt. 34. Therefore, Plaintiff respectfully requests this Court extend the period for service of Tucker under Rule 4(m) by six weeks.

## II. Alternate Service Is Appropriate

Rule 4(e) governs the service of individuals within the United States. The Rule provides for two avenues of service: (1) following the state law for serving a summons in the state in which the district court is located; or (2) personally serving the individual or leaving a copy of the summons and complaint at the individual's dwelling with someone of suitable age. The Illinois Code of Civil Procedure is nearly identical to Rule 4(e). *See* 735 ILCS § 5/2-203(a). The Illinois Code of Civil Procedure permits service by special court order if service cannot be accomplished by items (1) and (2) above, and the party demonstrates that a diligent inquiry has been made to locate the individual defendant and "reasonable efforts to make service have been unsuccessful." 735 ILCS § 5/2-203.1. "The court may order service to be made in any manner consistent with due process." *Id.*

Judges in this district have approved alternative methods of service pursuant to 735 ILSC § 5/2-203.1 if "diligent inquiry and reasonable efforts" to serve have been satisfied, and "it is clear that further attempts of traditional service would prove futile." *MetroPCS v. Devor*, 2016 U.S. Dist. LEXIS 204868 at *2 (N.D. Ill. June 1, 2016); *see also Nesbitt v. Regas*, 215 U.S. Dist. LEXIS 35552 at *15–16, 2015 WL 13311291 (N.D. Ill. Mar. 20, 2015) (multiple unsuccessful attempts to personally serve sufficient to trigger alternate service pursuant to 735 ILCS § 5/2-203.1). This case is at that point.

"In the context of service of process, due process requires only that the court provide 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Nesbitt v. Regas*, 2015 U.S. Dist. LEXIS 35552 at *17 (quoting *Jones v. Flowers*, 547 U.S. 220, 226 (2006)). In *Nesbitt*, the district court concluded that service of the defendant by overnight mail to two addresses associated with the defendant "comported with the requirements of due process." 2015 U.S. Dist. LEXIS 35552 at *19. There the district court also noted that the defendant likely had "actual notice" of the lawsuit because her former employer and family members were also defendants. *Id.* at *18. A similar situation exists here since Tucker's employer, JVP, is also a Defendant in the case, has engaged counsel, and thus is well positioned to inform Tucker that she has been named as a Defendant and to apprise Tucker that responses to the complaint are due January 27, 2025. Delivering legal documents to the employer of a defendant has also been deemed sufficient alternative service. *See Schmitt v. Schmitt*, 2002 U.S. Dist. LEXIS 1243 at *13, 2002 WL 109359. (N.D. Ill. Jan. 25, 2002) (approving state court order authorizing service to the secretary of defendant's business). This would be particularly apt here because JVP is a co-Defendant of Tucker, and its counsel has acknowledged an employee-employer relationship. (Hedley Decl. ¶ 14).

Like *Nesbitt*, Plaintiff proposes to serve Tucker by mailing via Priority U.S. Mail copies of the amended complaint and summons to the Sheridan Road address, with the hope that the Postal Service knows the appropriate unit number if Tucker resides in the building. And like *Schmitt*, counsel for Plaintiff also intends to overnight a copy of the amended complaint and summons to the California business address of her employer, JVP, directing it to Tucker's attention. Counsel for Plaintiff also proposes to email a copy of any order the Court issues in response to this request along with the amended complaint and the summons to the info@jvpchicago.org email address and the Gmail account referenced above, noting that it is intended for Simone Tucker and that the deadline to respond is January 27, 2025. *See United States v. Fleming*, 2021 U.S. Dist. LEXIS 45649 at *3, 2021 WL 1036075 (N.D. Ill. Mar. 11, 2021) (approving email service pursuant to 735 ILCS § 5/203.1). Plaintiff's counsel will also attempt to inform Tucker of the lawsuit via messages on social media platforms, such

5

as through Tucker's LinkedIn profile and the JVP Chicago Instagram account. Finally, Plaintiff's counsel will ask that counsel for JVP, Tucker's employer and co-Defendant, to exercise professional courtesy and inform Tucker of the pending lawsuit and the response date.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant the motion to extend the time to serve Defendant Tucker by six weeks and to permit alternative service of Tucker. In the alternative, Plaintiff requests the Court grant Plaintiff an additional 60 days to serve Tucker.

Dated: December 5, 2024

Respectfully Submitted,

By: s/*Neville S. Hedley*

Neville S. Hedley (IL Bar No. 6237279)
HAMILTON LINCOLN LAW INSTITUTE
1629 K Street NW, Suite 300
Washington, DC 20006
Telephone: (312) 342-6008
ned.hedey@hlli.org

*Attorney for Plaintiff*

**Certificate of Service**

    I hereby certify that on December 5, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By: /Neville S. Hedley

Neville S. Hedley (IL Bar No. 6237279)
HAMILTON LINCOLN LAW INSTITUTE
1629 K Street NW, Suite 300
Washington, DC 20006
Telephone: (312) 342-6008
ned.hedey@hlli.org

*Attorney for Plaintiff*