IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANHART, on behalf of himself and all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>AJP EDUCATION FOUNDATION, d/b/a/ AMERICAN MUSLIMS FOR PALESTINE; WESPAC FOUNDATION, INC.; STUDENTS FOR JUSTICE IN PALESTINE; DISSENTERS; EDUCATION FOR A JUST PEACE IN THE MIDDLE EAST, d/b/a US CAMPAIGN FOR PALESTINIAN RIGHTS; JEWISH VOICE FOR PEACE; TIDES CENTER, d/b/a COMMUNITY JUSTICE EXCHANGE; JINAN CHEHADE; SUPERIOR MURPHY; RIFQA FALANEH; and SIMONE TUCKER,<br><br>    *Defendants*. | No. 24-cv-8209-MMR-KHH |

## INITIAL STATUS REPORT

Plaintiff Christopher Manhart, by and through undersigned counsel, submits this Joint Initial Status Report.

On September 26, 2024, this Court ordered a Joint Initial Status Report due today, December 10, 2024, one week before Defendants' answer would be due. Dkt. 7.

At 4:53 p.m. Central, after Manhart submitted a draft Joint Initial Status Report to Defendants' counsel for comments, counsel for WESPAC Foundation, Inc., e-mailed to indicate that "other counsel" had spoken to the Deputy Clerk and an order would be issued extending the deadline for the Joint Status Report. This is plausible, because the original September 26 order's deadline reflected the then-existing deadline for Defendants to answer the initial complaint, and the Court has moved that deadline to January 27, 2025.

1

But as of 9 p.m. Central, the September 26 order has not yet been modified. In an abundance of caution, Plaintiff Manhart submits this Initial Status Report unilaterally without the input of Defendants, who have not approved of this Status Report.

I. **Nature of the Case**

   A. **Attorneys of Record**

   1. Counsel for Plaintiff Manhart: Neville Hedley, Theodore Frank, Frank Bednarz (local counsel), and Max Schreiber.
   2. Counsel for AJP Education Foundation: Amanda Yarusso.
   3. Counsel for WESPAC Foundation, Inc.: Robert L Herbst.
   4. Counsel for National Students for Justice in Palestine: Joshua Herman (local counsel) and Collin Poirot.
   5. Counsel for Dissenters: Sheila Bedi and Megan Porter (both local).
   6. Counsel for USCPR: Christina Abraham (local), Lauren Regan, and Marianne Dugan.
   7. Counsel for Jewish Voice for Peace: Brad Thomson, Nora Snyder (both local), Dan Stormer, and Hanna Chandoo.
   8. Counsel for Tides Center: Precious Jacobs-Perry and Ali Alsarraf (both local).
   9. Counsel for Jinan Chehade: Sheila Bedi and Megan Porter (both local).
   10. Counsel for Superior Murphy: Sheila Bedi and Megan Porter (both local).
   11. Counsel for Rifqa Falaneh: Sheila Bedi, Megan Porter, and Amanda Yarusso (all local).
   12. Counsel for Simone Tucker: Sheila Bedi, Megan Porter, and Amanda Yarusso (all local) (formal appearance yet to be made).

### B. Basis for federal jurisdiction

This case is a class action brought under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiff Manhart is a citizen of Indiana and has alleged damages in excess of five million dollars; none of the proposed class members are citizen of Illinois; and, for example, Defendant WESPAC Foundation, Inc., on information and belief, is a citizen of New York State.

### C. Nature of the claims

Plaintiff Manhart's claims relate to an incident on April 15, 2024 in which Defendants organized, participated, or aided and abetted in a blockade of Interstate 190 at the entrance to O'Hare International Airport, injuring thousands of non-Illinois citizens. Manhart has asserted twelve state tort claims against the individual defendants and the entity defendants including: (1) statutory violation of 625 ILCS § 5/11-1416, obstructing highways; (2) public nuisance; and (3) false imprisonment. Manhart has asserted claims involving direct liability and also vicarious liability under conspiracy, in-concert, aiding and abetting, and principal-agent liability.

### D. Relief sought

Plaintiff Manhart is seeking compensatory and punitive damages for the proposed class of at least $36 million. Manhart has performed preliminary research regarding potential damages for the claims asserted. Manhart is also seeking injunctive relief.

### E. Legal and factual issues

Plaintiff Manhart believes that the major legal and factual issues related to the case that Defendants will assert are issues of vicarious liability of the entity Defendants. This includes factual and legal issues related to conspiracy, aiding and abetting, in-concert liability, and principal-agent liability. Manhart anticipates legal disputes relating to class certification, and possibly relating to the consequences of claims of Fifth Amendment privilege. In California litigation over an anti-Semitic riot outside a Los Angeles synagogue, Defendant WESPAC has asserted that California courts do not have personal jurisdiction over it to adjudicate torts it allegedly committed in California; Manhart anticipates the possibility of this becoming a legal issue in this case. Counsel for two Defendants, Tides Center and WESPAC Foundation, have indicated that they intend to file Rule 11

motions; if so, this will raise procedural and legal and possibly factual questions over the applicability of Rule 11. Manhart anticipates that other Defendants will file Rule 12(b) motions on or before the January 27, 2025 date set by the Court to respond to the First Amended Complaint, raising various legal questions relating to the sufficiency of the complaint under Fed. R. Civ. Proc. 8 recently resolved by the Seventh Circuit in cases such as *Thomas v. JBS Green Bay Inc.*, No. 24-1404 (Nov. 8, 2024).

### F. Parties yet to be served

Plaintiff Manhart has served or received waivers from all parties except for individual Defendant Simone Tucker. On December 10, 2024, Counsel for Ms. Falaneh indicated that they now also represent Tucker, and that Tucker would waive service.

### G. Amended pleadings

Plaintiff Manhart has already filed a First Amended Complaint. Manhart believes that discovery may reveal additional individuals or entities that should be added as defendants, and if that happens will seek leave of the Court to amend the complaint.

## II. Discovery and Pending Motions

### A. Type of discovery needed

Plaintiff Manhart believes the following will be required in discovery: emails, internal documents, posting and direct messages from social media accounts, and text messages from mobile phone accounts. Accordingly, the need for electronic discovery is likely. Manhart also anticipates seeking bank account and financial transaction information from the Defendants, and information regarding Community Justice Exchange's bail fund. Manhart anticipates issuing interrogatories to discover the names of individuals who had access to or controlled Defendants' social media accounts. Manhart also anticipates performing multiple depositions of individual defendants and unnamed co-conspirators.

Manhart believes discovery related to damages can be bifurcated from discovery related to liability.

4

**B. Case management dates**

1. Plaintiff Manhart proposes a Rule 26(f) conference within fourteen days of the Court's ruling on any Rule 12 motions, or, if there are no Rule 12 motions, Defendants' filing of their answer.
2. The initial status conference will be within five business days of the Rule 26(f) conference.
3. Rule 26(a)(1) disclosures will be due seven days after the initial status conference.
4. Manhart anticipates issuing written discovery within thirty days of the Rule 26(f) conference.
5. Manhart proposes eight months for the completion of fact discovery, except for expert discovery.

**C. Anticipated expert discovery**

Plaintiff anticipates that expert discovery could be required related to use of social media and also potentially related to damages.

**D. Pending or anticipated motions**

Counsel for two Defendants, Tides Center and WESPAC Foundation, have indicated that they intend to file Rule 11 motions. Plaintiff Manhart anticipates that other Defendants will file Rule 12(b) motions on or before the January 27, 2025 date set by the Court to respond to the First Amended Complaint.

**E. Service of pleadings**

Plaintiff Manhart agrees to service of pleading and papers by electronic means under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

**III. Trial**

**A. Jury Trial**

Plaintiff Manhart has demanded a jury trial.

5

### B. Anticipated trial date

Plaintiff Manhart anticipates being prepared for trial by ninety days after the conclusion of discovery.

### C. Anticipated length of trial

Plaintiff Manhart anticipates that a trial in this case will last one to two weeks.

## IV. Consent and settlement discussions

### A. Consent to proceed before the assigned Magistrate Judge

The parties have not yet discussed the possibility of proceeding before the assigned Magistrate Judge.

### B. Settlement discussion

The Parties have not held any settlement discussions to date.

### C. Settlement conference

The Parties have not yet discussed the timing or willingness to have a settlement conference with a Magistrate Judge. Plaintiff Manhart, however, would be open to a settlement conference before a Magistrate Judge. (Any settlement conference should not be before the judicial official who would rule on a Rule 23(e) motion to approve a class-action settlement.)

Dated: December 10, 2024

Respectfully Submitted,

By: */s/ Neville S. Hedley*

Neville S. Hedley (IL Bar No. 6237279)
Theodore H. Frank (IL Bar No. 6224948)
HAMILTON LINCOLN LAW INSTITUTE
1629 K Street NW, Suite 300
Washington, DC 20006
Telephone: (312) 342-6008
ned.hedey@hlli.org
ted.frank@hlli.org

*Attorneys for Plaintiff Manhart*

6

**Certificate of Service**

      I hereby certify that on December 10, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By: _/s/ Neville S. Hedley_