**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER MANHART, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br>v.<br><br>AJP Educational Foundation, et al.<br><br>Defendants. | Case No. 24:cv8209<br><br>Honorable Mary M. Rowland<br><br>Magistrate Judge Keri L. Holleb Hotaling |

**JOINT INITIAL STATUS REPORT**

      Plaintiff Christopher Manhart, by and through undersigned counsel, and the Defendants, by and through undersigned counsel, submit this Joint Initial Status Report.

**I.**    **Nature of the Case**

    **A.**  **Attorneys of Record**

    1.   **Counsel for Plaintiff Manhart**: Neville Hedley, Theodore Frank, Frank Bednarz (local counsel), and Max Schreiber.

    2.   **Counsel for AJP Education Foundation**: Amanda Yarusso (lead trial counsel).

    3.   **Counsel for WESPAC Foundation, Inc**.: Robert L Herbst (lead trial counsel).

    4.   **Counsel for National Students for Justice in Palestine** ("NSJP"): Joshua Herman (lead trial counsel) and Collin Poirot.

    5.   **Counsel for Dissenters**: Sheila Bedi (lead trial counsel) and Megan Porter.

    6.   **Counsel for SCPR:** Christina Abraham and Lauren Regan (lead trial counsel).

    7.   **Counsel for Jewish Voice for Peace**: Brad Thomson (lead trial counsel), Nora Snyder, Dan Stormer, and Hanna Chandoo.

    8.   **Counsel for Tides Center/ Community Justice Exchange**: Precious Jacobs-Perry (lead trial counsel) and Ali Alsarraf

    9.   **Counsel for Jinan Chehade**: Sheila Bedi (lead trial counsel), Megan Porter and Amanda Yarusso.

10. **Counsel for Superior Murphy**: Sheila Bedi (lead trial counsel), Megan Porter and Amanda Yarusso.

11. **Counsel for Rifqa Falaneh:** Sheila Bedi (lead trial counsel), Megan Porter, and Amanda Yarusso.

12. **Counsel for Simone Tucker**: Sheila Bedi (lead trial counsel), Megan Porter, and Amanda Yarusso.

### B. Basis for federal jurisdiction

This case is a class action brought under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiff Manhart is a citizen of Indiana and has alleged damages on behalf of the class in excess of five million dollars; none of the proposed class members are citizens of Illinois; and, for example, Defendant WESPAC Foundation, Inc., on information and belief, is a citizen of New York State.

### C. Nature of the claims

Plaintiff Manhart alleges Defendants organized, or otherwise participated in an April 15, 2024 blockade of Interstate 190 at the entrance to O'Hare International Airport, causing actionable injury to the Plaintiff and other members of the putative class. Manhart has asserted twelve state tort claims against the individual defendants and the entity defendants including: (1) statutory violation of 625 ILCS § 5/11-1416, obstructing highways; (2) public nuisance; and (3) false imprisonment. Manhart has asserted claims involving direct liability and also vicarious liability under conspiracy, in-concert, and principal-agent liability.

### D. Relief sought

Plaintiff Manhart is seeking compensatory and punitive damages for the proposed class of at least $36 million. Manhart is also seeking injunctive relief.

### E. Major legal and factual issues anticipated in the case

Manhart anticipates legal disputes relating to class certification; whether the First Amendment or Illinois Citizen Participation Act applies as a defense to criminal violations; and possibly relating to the consequences of claims of Fifth Amendment privilege.

Certain Defendants believe that Plaintiff's complaint warrants sanctions under Fed. R. Civ. Proc. 11 if Plaintiff does not withdraw his claims prior to January 27, 2025, because (1) Plaintiff's individual claims are frivolous, and (2) Plaintiff has filed this complaint for the improper purpose of harassing Defendants.

Defendants anticipate asserting that the following global legal issues are raised by the Amended Complaint: (1) whether this SLAPP suit should be dismissed pursuant to the Illinois Citizen Participation Act; (2) whether Plaintiff has standing to seek any relief; (3) whether there is a private right of action for obstructing highways under Illinois law; (4) whether Plaintiff fails to state a claim for false imprisonment; (5) whether Plaintiff fails to state claims for aiding-and-abetting, in-concert and conspiracy liability; (6) whether this lawsuit is properly brought as a putative class action; and (7) whether there is personal jurisdiction over certain Defendants. Defendants believe that this is a SLAPP suit, designed to harass, intimidate and punish Defendants for their advocacy in support of Palestinians' human rights.

Plaintiff Manhart contends that the complaint was filed in good faith., and maintains his claims and class claims are meritorious and that the complaint satisfies the pleading standards of Fed. R. Civ. Proc. 8.

**F. Parties yet to be served**

Plaintiff Manhart has served or received waivers from all defendants.

**G. Amended pleadings**

Plaintiff Manhart has already filed a First Amended Complaint. Manhart believes that discovery may reveal additional individuals or entities that should be added as defendants, and if that happens will seek leave of the Court to amend the complaint. Defendants WESPAC, Tides Center, NSJP, Dissenters, and the individual Defendants would oppose Plaintiff's Motion for Leave to Amend.

## II. Discovery and Pending Motions

### A. Type of discovery needed

Plaintiff Manhart intends to seek electronic discovery and financial transaction information from the Defendants, and information regarding Community Justice Exchange's bail fund. Third-party subpoenas will likely be necessary. Manhart also anticipates performing depositions of individual defendants, unnamed co-conspirators, and, if necessary, police. Manhart will serve requests for admission to narrow the issues before the Court. Manhart believes discovery related to damages can be bifurcated from discovery related to liability. Should discovery proceed, Defendants disagree that bifurcation is appropriate and reserve the right to object to the discovery requests Plaintiff outlines above.

### B. Case management dates

1. The Parties propose a Rule 26(f) conference within twenty-one days of the Court's ruling on all anti-SLAPP motions, Rule 11 motions, and Rule 12 motions that Defendants file.

2. The Parties propose to schedule the initial status conference within five days of the Rule 26(f) conference.

3. The Parties propose to exchange Rule 26(a)(1) disclosures seven days after the initial status conference.

4. The Parties propose to issue initial written discovery requests within thirty days of the Rule 26(f) conference. Each Party reserves the right to serve follow-up written discovery as necessary.

5. The Parties propose to complete fact discovery within eight months of the Rule 26(f) conference.

### C. Anticipated expert discovery

Plaintiff Manhart anticipates that expert discovery could be required related to use of social media and also potentially related to damages. Plaintiff also reserves the right to call rebuttal experts.

Should discovery proceed, certain Defendants anticipate retaining rebuttal experts and experts regarding the history and efficacy of protest tactics. The Parties reserve their rights to challenge the admissibility of expert testimony.

### D. Pending or anticipated motions

Defendants anticipate filing or joining in anti-SLAPP motions, Rule 11 motions, and/or Rule 12(b) motions for dismissal on or before January 27, 2025. All or some of the Defendants may also file motions to strike certain allegations from the Complaint.

### E. Service of pleadings

The parties agree to service of pleading and papers by electronic means under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, including by email.

## III. Trial

### A. Jury Trial

Plaintiff Manhart has demanded a jury trial.

### B. Anticipated trial date

The Parties propose a trial date ninety days after dispositive motions are ruled upon.

### C. Anticipated length of trial

The Parties anticipate that a trial in this case will last at least two weeks.

## IV. Consent and settlement discussions

### A. Consent to proceed before the assigned Magistrate Judge

The Parties do not unanimously consent to proceed before the assigned Magistrate Judge.

### B. Settlement discussion

The Parties have not held any settlement discussions to date.

### C. Settlement conference

Defendants believe that a settlement conference with a Magistrate Judge is premature at this time given the anticipated Rule 11, anti-SLAPP and 12(b) motions.

Dated: January 10, 2025            Respectfully Submitted,

                                           By:    */s/ Neville S. Hedley*

Neville S. Hedley (IL Bar No. 6237279)
Theodore H. Frank (IL Bar No. 6224948)
HAMILTON LINCOLN LAW INSTITUTE
1629 K Street NW, Suite 300
Washington, DC 20006
Telephone: (312) 342-6008
ned.hedey@hlli.org
ted.frank@hlli.org

*Attorneys for Plaintiff Manhart*

/s/ Sheila A. Bedi
Sheila A. Bedi
Community Justice Clinic
Northwestern Pritzker School of Law
Chicago, IL 60611-3609
312-503-8576
sheila.bedi@law.northwestern.edu
*Attorney for Dissenters, Superior Murphy
Jinan Chehade, Rifqa Falaneh, and Simone Tucker*

/s/Joshua G. Herman
Joshua G. Herman
Law Office of Joshua G. Herman
53 West Jackson Blvd., Suite 404
Chicago, IL 60604
*Attorney for National Students for Justice in Palestine*

s/Amanda S. Yarusso
Amanda S. Yarusso
1180 N Milwaukee Ave
Chicago, IL 60642
773-510-6198
amanda.yarusso@gmail.com
*Attorney for American Muslims for Palestine, Superior
Murphy, Jinan Chehade, Rifqa Falaneh, and Simone Tucker*

/s/ Christina Abraham
Christina Abraham
Attorney No. 6298946
Abraham Law & Consulting
161 N. Clark Street, Suite 1600
Chicago, Illinois 60601
*Attorney for US Campaign for Palestinian Rights (Local Counsel)*

s/ Brad Thompson
Brad Thomson, Nora Synder
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070
*Attorneys for Jewish Voices for Peace*

/s/ Robert L. Herbst
Robert L. Herbst
rherbst@herbstlawny.com
420 Lexington Avenue, Suite 300
New York, New York 10170
Tel: 914-450-8163 Fax: 888-482-4676
*Attorneys for Defendant WESPAC Foundation*

/s/ Precious Jacobs-Perry
Precious Jacobs-Perry
Ali I. Alsarraf
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350
*Attorneys for Defendant Tides Center d/b/a Community Justice Exchange*