UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANHART, on behalf of himself and all others similarly situated, | Case No. 24:cv8209 |
| *Plaintiff*, | Honorable Mary M. Rowland |
| v. | Magistrate Judge Keri L. Holleb Hotaling |
| AJP EDUCATION FOUNDATION, d/b/a/ AMERICAN MUSLIMS FOR PALESTINE; WESPAC FOUNDATION, INC.; STUDENTS FOR JUSTICE IN PALESTINE; DISSENTERS; EDUCATION FOR A JUST PEACE IN THE MIDDLE EAST, d/b/a US CAMPAIGN FOR PALESTINIAN RIGHTS; JEWISH VOICE FOR PEACE; TIDES CENTER, d/b/a COMMUNITY JUSTICE EXCHANGE; JINAN CHEHADE; SUPERIOR MURPHY; RIFQA FALANEH; and SIMONE TUCKER, | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
HIS SECOND AMENDED COMPLAINT**

Plaintiff Christopher Manhart, through his undersigned counsel, and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, respectfully move for leave to file his Second Amended Verified Complaint ("SAC"). In support, Manhart states the following:

1. On Friday January 17, 2025, Manhart's counsel sent defendants an email advising that Plaintiff intended to amend the complaint in view of the proposed Rule 11 motions served by the Defendants. "We believe those motions are meritless and the complaint is brought in good faith," but to avoid "collateral disputes over application of the notice-pleading rules" and so "the court sees less paper," Plaintiff asked for the parties positions on moving for leave to file an amended complaint.

2. On Sunday January 19, counsel for Dissenters asked for a copy of the proposed amended complaint "with track changes so we can evaluate."

3. Counsel has not received the position of any defendant on this motion.

4. Manhart's counsel was attempting to prepare an amended and fully-reviewed verified complaint for defendants' benefit when defendant WESPAC moved to dismiss the First Amended Complaint. Dkt. 53. The due date for answers was January 27. Dkt. 49.

5. Manhart has still not reviewed and executed the proposed SAC, but to avoid answers to a deprecated complaint, he moves to file his SAC. The SAC is attached as **Exhibit 1**, and Plaintiff's counsel expects no significant revisions from this attachment.

6. Like the Amended Complaint, Plaintiff alleges that Defendants participated and conspired to participate in the April 15, 2024 blockage of the highway to O'Hare Airport, which resulted in damages to Manhart and a class of other travelers disrupted by that action similarly situated.

7. Plaintiff's SAC will not unduly prejudice Defendants.

8. The SAC is narrower than Manhart's Amended Complaint, alleging fewer theories against fewer defendants. Two defendants—AJP Education Foundation, Inc. d/b/a American Muslims for Palestine, and Education for a Just Peace in the Middle East d/b/a US Campaign for Palestinian Rights—will be dismissed at this time. Counts related to Public Nuisance have been dropped, and the count under 625 ILCS § 5/11-1416 has been changed into a common law tort, which relies on the statute for evidence of the duty rather than asserting a direct cause of action. As to the remaining defendants, there are other stylistic changes, and clarifications. An alternative negligence count has been added with respect to WESPAC, but the factual basis for it was previously pleaded, and all "new" material is intended to clarify Plaintiffs' theory to avoid collateral litigation over possible pleading ambiguities. A complete set of changes is shown in the redline attached as **Exhibit 2**.

9. Moreover, no initial conference has occurred in this case, and thus no deadline for filing an amended complaint exists. Discovery has not commenced. Except for WESPAC, which filed a motion to dismiss today after knowing that Manhart intended to file an amended complaint, no Defendant has filed an answer.

10. The statute of limitations period has not run on any of the Plaintiff's claims in his SAC. The Defendants will suffer no prejudice if the Court grants this motion, which has not been filed for any unjust purpose, such as delay, nor in bad faith.

11. The amendment would not be futile.

12. Allowing Plaintiff to file his SAC will not unduly delay the case. No defendants are added in the SAC. While Defendants will have several more weeks to file answers, permitting filing of the SAC will better focus issues for Defendants' responses, conserve judicial resources and will expedite resolution of Plaintiff's claims.

Dated: January 22, 2025.

/s/ *Neville S. Hedley*
Neville S. Hedley (IL Bar No. 6237279)
HAMILTON LINCOLN LAW INSTITUTE
1440 W. Taylor Street #1487
Chicago, IL 60607
Telephone: (312) 342-6008
Email: ned.hedley@hlli.org

Theodore H. Frank (IL Bar. No. 6224948)
Telephone: (703) 203-3848
Email: ted.frank@hlli.org

M. Frank Bednarz (IL Bar No. 6299073)
Telephone: (801) 706-2690
Email: frank.bednarz@hlli.org

Max Schreiber (*pro hac vice*)
HAMILTON LINCOLN LAW INSTITUTE
5868 E. 71st Street, Suite E-709
Indianapolis, IN 46220
Telephone: (401) 408-9370
Email: max.schreiber@hlli.org

*Attorneys for Plaintiff*

**Certificate of Service**

The undersigned certifies he electronically filed the foregoing Motion for Leave to Amend via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing.

Dated: January 22, 2025

/s/ Neville S. Hedley