IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANHART, *individually and on behalf of all others similarly situated*,<br><br>    *Plaintiff*,<br><br>v.<br><br>AJP EDUCATION FOUNDATION, INC. D/B/A AMERICAN MUSLIMS FOR PALESTINE, WESPAC FOUNDATION, INC., NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, DISSENTERS, EDUCATION FOR A JUST PEACE IN THE MIDDLE EAST, D/B/A US CAMPAIGN FOR PALESTINIAN RIGHTS, JEWISH VOICE FOR PEACE, TIDES CENTER, D/B/A COMMUNITY JUSTICE EXCHANGE, JINAN CHEHADE, SUPERIOR MURPHY, RIFQA FALANEH, AND SIMONE TUCKER,<br><br>    *Defendants*. | No. 1:24-cv-8209<br><br>Hon. Mary L. Rowland<br><br>Magistrate Judge Keri L. Holleb Hotaling |

**DEFENDANT TIDES CENTER D/B/A COMMUNITY JUSTICE EXCHANGE'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE <u>HIS SECOND AMENDED COMPLAINT</u>**

Defendant Tides Center d/b/a Community Justice Exchange ("CJE"), by and through its attorneys, hereby, out of an abundance of caution, opposes Plaintiff Christopher Manhart's ("Plaintiff") motion for leave to file his Second Amended Verified Complaint. In support of CJE's opposition, CJE states the following:

1. On September 9, 2024, Plaintiff filed a Verified Complaint (the "Original Complaint") against CJE and other defendants. The Original Complaint made only one factual allegation against CJE: that CJE created a national bail fund "for A15 Action activists" "to support community members who are criminalized in the U.S. for their solidarity with Palestine," which Plaintiff alleged "incentivized and encouraged … unlawful conduct." ECF No. 1, Compl. ¶¶ 58-59. The Original Complaint asserted six claims against CJE for conspiracy and aiding and abetting highway obstruction in violation of the Illinois Vehicle Code, public nuisance, and false imprisonment.

2. On October 30, 2024, counsel for CJE called Plaintiff's counsel at Hamilton Lincoln Law Institute ("Plaintiff's Counsel") to inform counsel that the Verified Complaint violated Rule 11 of the Federal Rules of Civil Procedure and was meritless.

3. On November 11, 2024, Plaintiff filed a First Amended Verified Complaint (the "FAC") as a matter of course. The FAC did not materially change any of the allegations against CJE and asserted the same six claims against CJE.

4. On January 6, 2025, in compliance with Rule 11(c)(2), CJE served on Plaintiff and Plaintiff's Counsel a draft motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. (Ex. A, Jan. 6, 2025 Email from P. Jacobs-Perry to Plaintiff's Counsel attaching a letter

1

and copy of CJE's draft Motion for Sanctions).[1] The draft Rule 11 motion asserted that Plaintiff and his counsel violated their obligations under Rule 11 for two independent, but related, reasons: (1) in violation of Rule 11(b)(2), they filed baseless claims against CJE in the First Amended Verified Complaint that are not grounded in existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (2) in violation of Rule 11(b)(1), the claims against CJE are being pursued for an improper purpose, such as to harass. As to the first reason, the draft Rule 11 motion asserted that Plaintiff lacked Article III standing because he did not allege a concrete and particularized injury, and that Plaintiff's six claims against CJE for conspiracy and aiding and abetting highway obstruction in violation of the Illinois Vehicle Code, public nuisance, and false imprisonment were frivolous. As to the second reason, the motion asserted that Plaintiff filed the FAC for the improper purpose of harassing CJE, which was evident by the fact that (1) Plaintiff was pursuing frivolous claims even though Plaintiff had not suffered any cognizable injury, (2) Plaintiff sought an injunction against CJE's First Amendment protected activity of soliciting charitable contributions without pleading anything that would entitle him to that kind of extraordinary relief, and (3) Plaintiff included numerous inflammatory and irrelevant allegations attempting to falsely tie CJE to designated terrorist organizations in light of the current debate in Congress around legislation that would give the Department of Treasury the authority to more easily strip an organization's 501(c)(3) status if it deems that they are linked to terrorist organizations.

---

[1] CJE is prepared to file the final Rule 11 motion for sanctions on Monday, January 27, 2025, in light of Rule 11's 21-day safe harbor.

5. On January 17, 2025, Plaintiff's Counsel informed Defendants via email that Plaintiff intended to yet again amend the meritless complaint in light of the draft Rule 11 motions that Defendants served on Plaintiff.

6. In response, counsel for Defendant Dissenters requested a copy of the proposed amended complaint "with track changes so we can evaluate." (Ex. B, Jan. 19, 2025 Email from S. Bedi to Plaintiff's Counsel.)

7. Rather than send Defendants a draft of Plaintiff's proposed second amended complaint for Defendants to evaluate whether they would oppose Plaintiff's filing of the amended complaint, on January 22, 2025, Plaintiff's Counsel filed Plaintiff's motion for leave to file his Second Amended Complaint ("Motion for Leave"), even though Plaintiff had "still not reviewed and executed the proposed SAC." ECF 55 at 2. The proposed second amended complaint does not add any new allegations against CJE. In fact, as relevant to CJE, the second amended complaint removes allegations describing CJE's mission (ECF 55 ¶ 17) and removes only the conspiracy and aiding and abetting claims premised on public nuisance. And, the proposed second amended complaint continues to allege only that CJE created a national bail fund and asserts four claims against CJE for conspiracy and aiding and abetting obstructing a highway and false imprisonment. However, the proposed second amended complaint removes the underlying tort claim against other defendants for obstructing a highway. As stated in the draft motion for sanctions (Ex. A) sent to Plaintiff's Counsel, causes of action for aiding and abetting and conspiracy fail automatically without underlying torts. *See Sanchez & Daniels v. Koresko & Assocs*, 2006 WL 3253604, at *6 (N.D. Ill. Nov. 8, 2006). As a result, the proposed second amended complaint is even more frivolous and deficient than the FAC, and the motion to file it should be denied.

8. Additionally, the proposed second amended complaint continues to disregard Plaintiff's obligations under well-established law. First, the propose second amended complaint fails to establish Article III standing because it does not allege a cognizable injury. *See Keller v. Lvnv Funding, LLC*, No. 2022 WL 7501335, at *1 (N.D. Ill. Oct. 13, 2022) (no Article III standing where plaintiff's complaint mentions harm only in the form of harassment, annoyance, and a general loss of "time and money"). Second, the propose second amended complaint fails to allege specific allegations against specific defendants, including CJE, under Federal Rule of Civil Procedure 8 because it continues to lump the alleged conduct of all Defendants together throughout the complaint, forcing each Defendant and the Court to untangle his web of allegations to guess which allegation applies to which Defendant. *See, e.g.*, *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal ... Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed."); *Davis v. Bank of Am. Corp.*, 2017 WL 569159, at *1 (N.D. Ill. Feb. 13, 2017) ("Rule 8(a)(2) precludes lumping … defendants together without clarifying which plaintiff alleges what wrongdoing against which defendant."); *Eilenfeldt v. United C.U.S.D. #304 Bd. of Educ.*, 2013 WL 12248080, at *3 (C.D. Ill. Mar. 25, 2013) ("By continually lumping 'the Defendants' together [plaintiff] violates Rule 8(a)'s requirement that she give the Defendants fair notice of the claims against them, because she has deprived the Defendants of the ability to determine which of [plaintiff's] allegations are being made against them and which are not."). Here, Plaintiff's proposed second amended complaint should be rejected.

9. Under Rule 15 of the Federal Rules of Civil Procedure, after a party has amended its pleading once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While "[t]he court should

4

freely give leave when justice so requires," "it is appropriate to deny a motion for leave to amend when an amendment would be futile because it could not withstand a motion to dismiss." *Schilke v. Wachovia Mortg., FSB*, 758 F. Supp. 2d 549, 554 (N.D. Ill. 2010); *see also Bower v. Jones,* 978 F.2d 1004, 1008 (7th Cir.1992) ("an amendment may be futile when it fails to state a valid theory of liability or could not withstand a motion to dismiss" (citations omitted)). When courts review a motion for leave to amend for futility, they "apply the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." *Schwarz v. Loyola Univ. Med. Ctr.*, 2011 WL 1575496, at *3 (N.D. Ill. Apr. 27, 2011) (denying motion for leave to file second amended complaint). Courts do not hesitate to deny motions for leave to amend where the amendment does "not meaningfully address the deficiencies identified" in the plaintiff's prior complaint. *Jackson v. Nw. Mem'l Hosp.*, 2020 WL 6801843, at *6 (N.D. Ill. Nov. 19, 2020) (denying leave to amend a complaint where plaintiff did not allege "facts sufficient to support actionable claims"); *see also Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1033 (7th Cir. 2024) (affirming district court's denial of leave to amend where amended complaint "would not have cured the deficiencies that we have identified in the complaint"); *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023) (affirming district court's denial of motion for leave to amend complaint "where the plaintiffs gave no indication as to how the third try would resolve the insufficiencies in the complaint").

10. Here, the claims asserted against CJE in the proposed second amended complaint continue to be frivolous for the reasons described in CJE's draft Rule 11 motion, attached hereto as Exhibit A. Indeed, the proposed second amended complaint does not address the overwhelming majority of the deficiencies and serious problems that CJE identified in its draft Rule 11 motion that it served on Plaintiff on January 6, 2025. The proposed second amended complaint adds no new allegations and instead removes some of the allegations and only two of the six claims against

5

CJE. But the remaining four claims continue to be meritless and are now even more deficient since Plaintiff's Counsel proposes deleting the underlying tort for two of the claims, making the claims against CJE automatically fail as a matter of law. Plaintiff already took the opportunity to amend his complaint as a matter of course and did not use that opportunity to substantively alter the allegations or claims against CJE because he cannot. Plaintiff's second attempt to amend his complaint also does nothing to change the frivolous nature of his claims against CJE. In other words, Plaintiff's allegations against CJE in the proposed second amended complaint go no further than the deficient allegations that Plaintiff lodged against CJE in his initial complaint. *See Kim v. Ritter*, 493 F. App'x 787, 790 (7th Cir. 2012) (affirming district court's denial of motion for leave to amend complaint). Accordingly, the Court should deny Plaintiff's Motion for Leave because the amendment would be futile.

WHEREFORE, for the reasons stated in this brief and CJE's Motion for Sanctions (Ex. A), the Court should deny Plaintiff's motion for leave to file a Second Amended Complaint and award any additional relief the Court deems appropriate.

Dated: January 24, 2025

Respectfully submitted,

/s/ *Precious S. Jacobs-Perry*
Precious S. Jacobs-Perry
Ali I. Alsarraf
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

*Counsel for Defendant Tides Center d/b/a Community Justice Exchange*

6