# EXHIBIT A

| | |
|---|---|
| **From:** | Jacobs-Perry, Precious S. |
| **To:** | ned.hedley@hlli.org; ted.frank@hlli.org; frank.bednarz@hlli.org; max.schreiber@hlli.org |
| **Cc:** | Alsarraf, Ali I. |
| **Subject:** | 1:24-cv-08209 Manhart v. AJP Education Foundation et al. - Motion for Sanctions |
| **Date:** | Monday, January 6, 2025 4:47:56 PM |
| **Attachments:** | 2025.01.06 Letter from Tides Center-CJE to Hamilton Lincoln Law Institute.pdf |
| | Tides Center-CJE Rule 11 Memorandum of Law.pdf |
| | Tides Center-CJE Rule 11 Motion.pdf |

Counsel,

Pursuant to Federal Rule of Civil Procedure Rule 11(c), please see the attached.

Thanks,
Precious

---

## Precious S. Jacobs-Perry

**Jenner & Block LLP**
353 N. Clark Street
Chicago, IL 60654-3456　|　jenner.com
+1 312 840 8615　|　Tel
+1 312 964 0500　|　Mobile
Pronouns : She / Her
PJacobs-Perry@Jenner.com
Download V-Card　|　View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system

353 N. CLARK STREET CHICAGO, IL 60654-3456     J E N N E R & B L O C K LLP

January 6, 2025

Precious Jacobs-Perry
Tel +1 312 840 8615
Fax +1 312 840 8715
PJacobs-Perry@Jenner.com

Neville S. Hedley
Theodore H. Frank
M. Frank Bednarz
HAMILTON LINCOLN LAW INSTITUTE
1440 W. Taylor Street, #1487
Chicago, IL 60607

Max Schreiber
HAMILTON LINCOLN LAW INSTITUTE
5868 E. 71st Street, Suite E-709
Indianapolis, IN 46220

Re:     Tides Center/CJE Rule 11 Motion

Dear Counsel:

      We write to again request that the Hamilton Lincoln Law Institute and Plaintiff withdraw the frivolous claims asserted against the Community Justice Exchange ("CJE") in the First Amended Verified Complaint that the Hamilton Lincoln Law Institute filed in *Christopher Manhart v. AJP Education Foundation, Inc, et al.*, No. 1:24-cv-08209 (N.D. Ill.) (the "First Amended Complaint") on November 11, 2024. Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, enclosed is a copy of CJE's Rule 11 Motion for Sanctions against Plaintiff and his counsel, and CJE's Memorandum of Law in Support of its Rule 11 Motion, which we plan to file on January 27, 2025, unless the frivolous claims against CJE are withdrawn before that date.

      This letter and the attached motion are by no means a complete statement of the defects in Plaintiff's lawsuit against CJE. Our client expressly reserves all rights and defenses, and nothing stated in or omitted from this letter or the attached motion should be considered a waiver of any of those rights or defenses.

      We serve the enclosed motion upon the Plaintiff Christopher Manhart and you, as his counsel who signed the First Amended Verified Complaint, with the expectation that you and your client will give it a considered response and determine to withdraw the frivolous claims within the 21-day period permitted by Rule 11(c)(2).

January 6, 2025
Page 2

Sincerely,
*/s/ Precious Jacobs-Perry*
Precious Jacobs-Perry
PSJ

*Sent Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANHART, *individually and on behalf of all others similarly situated*, | |
|     *Plaintiff*, | |
| v. | No. 1:24-cv-8209 |
| AJP EDUCATION FOUNDATION, INC. d/b/a AMERICAN MUSLIMS FOR PALESTINE, WESPAC FOUNDATION, INC., NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, DISSENTERS, EDUCATION FOR A JUST PEACE IN THE MIDDLE EAST, d/b/a US CAMPAIGN FOR PALESTINIAN RIGHTS, JEWISH VOICE FOR PEACE, TIDES CENTER, d/b/a COMMUNITY JUSTICE EXCHANGE, JINAN CHEHADE, SUPERIOR MURPHY, RIFQA FALANEH, and SIMONE TUCKER, | Hon. Mary L. Rowland<br><br>Magistrate Judge Keri L. Holleb Hotaling |
|     *Defendants*. | |

**DEFENDANT TIDES CENTER D/B/A COMMUNITY JUSTICE EXCHANGE'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS UNDER
<u>RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>**

*Sent Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure*

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

FACTUAL BACKGROUND ............................................................................................... 4

    CJE's Mission Centers on the Reform of the Criminal Justice System, Including the
Elimination of Pretrial Detention ..................................................................................... 4

    CJE Solicited Charitable Donations for a Nationwide Bail Fund for Pro-Palestine Protests ..... 5

    Illinois Eliminated Cash Bail and Cook County Has a Public Defender's Office..................... 5

    April 15, 2024 Illinois Protest............................................................................................ 5

    The Complaint ................................................................................................................... 6

LEGAL STANDARD........................................................................................................... 8

ARGUMENT ...................................................................................................................... 10

    I.    THE COURT SHOULD AWARD SANCTIONS BECAUSE THE COMPLAINT IS
NOT SUPPORTED BY EXISITING LAW OR A NONFRIVOLOUS ARGUMENT
FOR ALTERING THE EXISTING LAW OR CREATING NEW LAW. .................. 10

        A.    Plaintiff Lacks Article III Standing, and There Is No Nonfrivolous Argument for a
Departure from Existing Law. ........................................................................................ 10

        B.    Plaintiff's Claims for Civil Conspiracy and Aiding and Abetting Against CJE Also Are
Sanctionable. .................................................................................................................. 11

            1.    The Underlying Tort Claims Are Frivolous.............................................................. 11

                a.    Plaintiff's Underlying Claim for Statutory Violation of 625 ILCS § 5/11-1416,
Obstructing Highways Is Facially Frivolous. .................................................... 12

                b.    Plaintiff's Underlying Claim for Public Nuisance Is Facially Frivolous.............. 12

                c.    Plaintiff's Underlying Claim for False Imprisonment Is Facially Frivolous........ 13

            2.    Plaintiff's Conspiracy Claims Are Otherwise Sanctionably Defective. ................... 15

            3.    Plaintiff's Aiding and Abetting Claims Also Are Otherwise Sanctionably
Defective. ................................................................................................................. 16

    II.    PLAINTIFF AND PLAINTIFF'S COUNSEL VIOLATED RULE 11 BECAUSE THE
COMPLAINT WAS FILED FOR AN IMPROPER PURPOSE.............................. 17

    III.    CJE SHOULD BE AWARDED REASONABLE ATTORNEYS' FEES AND
COSTS. .......................................................................................................................... 20

CONCLUSION................................................................................................................... 20

*Sent Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure*

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*A Communication Co., Inc. v. Bonutti*,
  55 F. Supp. 3d 1119 (S.D. Ill. 2014) ......................................................................12

*Adcock v. Brakegate, Ltd.*,
  164 Ill. 2d 54 (1994) ..........................................................................................15

*Bank of America, N.A. v. Knight*,
  875 F. Supp. 2d 837 (N.D. Ill. 2012) ....................................................................16

*Burda v. M. Ecker Co.*,
  2 F.3d 769 (7th Cir. 1993) ...................................................................................17

*City of Chicago v. Beretta U.S.A. Corp.*,
  213 Ill. 2d 351 (2004) ........................................................................................12

*David M. Swain & Son v. Chicago, B. & Q.R. Co.*,
  252 Ill. 622 (1911) .............................................................................................13

*Eberhardt v. Village of Tinley Park*,
  No. 1:20-CV-1171, 2022 WL 22896754 (N.D. Ill. Aug. 18, 2022) ......................9, 10, 18, 20

*Gable v. Universal Acceptance Corp.*,
  338 F. Supp. 3d 943 (E.D. Wis. 2018) ...............................................................14, 15

*Keller v. Lvnv Funding, LLC*,
  No. 22-CV-00942, 2022 WL 7501335 (N.D. Ill. Oct. 13, 2022) ....................................10, 11

*Kohn v. Laidlaw Transit, Inc.*,
  347 Ill. App. 3d 746 (5th Dist. 2004) ...................................................................16

*Last Atlantis Cap. LLC v. AGS Specialist Partners*,
  2018 WL 2412386 (N.D. Ill. May 29, 2018) ............................................................9

*Marcano v. Northwestern Chrysler-Plymouth Sales, Inc.*,
  550 F. Supp. 595 (N.D. Ill. 1982) .....................................................................14, 15

*Mars Steel Corp. v. Continental Bank N.A.*,
  880 F.2d 928 (7th Cir. 1989) .............................................................................9, 17

*Marsden v. Kishwaukee Cmty. College*,
  572 F. Supp. 3d 512 (N.D. Ill. 2021) ...................................................................14

*Sent Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure*

*Martin v. Lincoln Park West Corp.*,
219 F.2d 622 (7th Cir. 1955) ........................................................................14, 15

*McClure v. Owens Corning Fiberglas Corp.*,
188 Ill.2d 102 (1999) ...........................................................................................15

*McGreal v. Vill. of Orland Park*,
928 F.3d 556 (7th Cir. 2019) .................................................................................9

*Mussat v. Power Liens, LLC*,
No. 13-CV-7853, 2014 WL 3610991 (N.D. Ill. Jul. 21, 2014)..............................4

*N. Ill. Telecom, Inc. v. PNC Bank, NA*,
2015 WL 1943271 (N.D. Ill. Apr. 29, 2015), *rev'd sub nom.* 850 F.3d 880 (7th
Cir. 2017) ...............................................................................................................9

*In re Paraquat Prods. Liab. Litig.*,
2023 WL 3948249 (S.D. Ill. June 12, 2023).......................................................13

*Pennell v. Glob. Tr. Mgmt., LLC*,
990 F.3d 1041 (7th Cir. 2021) .............................................................................10

*Priddle v. Dean Malanis and Great Lakes Service II, Inc.*,
2017 WL 372302 (N.D. Ill. Jan. 25, 2017).........................................................12

*Riley v. Nat'l Fed'n of the Blind of N.C., Inc.*,
847 U.S. 781 (1988)..............................................................................................18

*Robinson v. Sabis Educ. Sys., Inc.*,
No. 98 C 4251, 1999 WL 414262 (N.D. Ill. June 4, 1999) ............................14, 15

*Sanchez & Daniels v. Koresko & Assocs*,
No. 04 C 5183, 2006 WL 3253604 (N.D. Ill. Nov. 8, 2006)................................11

*Theis v. Smith*,
No. 86 C 6994, 1986 WL 12304 (N.D. Ill. Oct. 29, 1986)...................................20

*TransUnion LLC v. Ramirez*,
141 S. Ct. 2190 (2021)..........................................................................................10

*Trodden, Inc. v. J & E Auto Enterprises, Ltd*,
2014 IL App (1st) 103733-U, 2014 WL 1117028 (Ill. App. Ct. 1st Dist. 2014)....15

*U.S. v. Rogers Cartage Co.*,
794 F.3d 854 (7th Cir. 2015) .................................................................................9

*Umble v. Sandy McKie and Sons, Inc.*,
294 Ill. App. 3d 449 (2d Dist. 1998)....................................................................16

*Sent Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure*

*Vill. of Schaumberg v. Citizens for a Better Env't*,
  444 U.S. 620 (1980) ................................................................................................18

*Walton v. First Merchants Bank Corp.*,
  2022 WL 480039 (S.D. Ind. Feb. 14, 2022), *aff'd by* 2022 WL 3999965 (7th
  Cir. 2022) ...............................................................................................................18

*Wilford v. County of Rush*,
  2003 WL 77003 (S.D. Ind. Jan. 7, 2003) ...........................................................9, 20

*Wisconsin Action Coalition v. City of Kenosha*,
  767 F.2d 1248 (7th Cir. 1985) ................................................................................18

**Statutes**

625 ILCS § 5/11-1416 ...........................................................................................6, 12

625 ILCS § 5/16-102 ..................................................................................................12

**Other Authorities**

Restatement (Second) of Torts § 36, Comment d (1965) ...........................................14

Rule 11 of the Federal Rules of Civil Procedure ................................................. *passim*

*Sent Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure*

## INTRODUCTION

Under Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), the filing of a pleading certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and that "it is not being presented for any improper purpose, such as to harass." Fed. R. Civ. P. 11(b). Rule 11 prohibits the filing of claims that are baseless and made without a reasonable and competent inquiry. Defendant Community Justice Exchange ("CJE")[1] files this motion for sanctions against Plaintiff Christopher Manhart ("Plaintiff") and his counsel at Hamilton Lincoln Law Institute ("Plaintiff's Counsel") because they violated their obligations under Rule 11 for two independent, but related, reasons: (1) in violation of Rule 11(b)(2), they filed baseless claims against CJE in the First Amended Verified Complaint (the "Complaint") that are not grounded in existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, and (2) in violation of Rule 11(b)(1), the claims against CJE are being pursued for an improper purpose, such as to harass.

On April 15, 2024, protesters blocked traffic to O'Hare Airport in solidarity with Palestine. The Chicago protest was one of over 80 similar protests across the world that day. Plaintiff alleges that he was a passenger in his car heading to O'Hare Airport during the protest and got stuck in traffic, requiring him to reschedule his flight, which in turn caused him to miss a business dinner and networking opportunity. Based solely on this, Plaintiff filed a baseless putative class action against a range of defendants, including CJE. The only allegations about CJE in the Complaint

---

[1] Plaintiff's characterization of CJE's name as "Tides Center d/b/a Community Justice Exchange" is inaccurate. Tides Center does not do business as the Community Justice Exchange. Rather, the Community Justice Exchange is one of more than a hundred fiscally-sponsored projects of Tides Center.

relate to its creation of a nationwide bail fund soliciting charitable donations to support anyone in the U.S. who applied for legal assistance in connection with the pro-Palestine protests on April 15, 2024 (the "Bail Fund"). Based solely on this, Plaintiff and his counsel have manufactured meritless claims against CJE and improperly used the filing of the Complaint to paint CJE as complicit with foreign terrorist organizations. The extraordinary nature of the claims and the inflammatory nature of the gratuitous references seeking to tie CJE to designated terrorist organizations certainly called for Plaintiff and his counsel to focus on and comply with their Rule 11 obligations. But they manifestly did not do so. Their disregard of these obligations warrants sanctions against them.

*First,* sanctions are warranted because Plaintiff and his counsel could not have made the "reasonable and competent" inquiry required by Rule 11 because their claims against CJE are not well grounded in existing law, nor is there any nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. As a threshold matter, Plaintiff has not satisfied Article III standing requirements to maintain an action in federal court by alleging a concrete and particularized injury. While Plaintiff makes a proverbial "federal case" out of sitting in traffic and missing a "business dinner" and "networking opportunity," the law requires much more for standing than such amorphous grievances. This alone is sufficient to warrant sanctions.

But even if Plaintiff had Article III standing, Plaintiff's substantive claims against CJE are not supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law. Plaintiff asserts six baseless conspiracy and aiding and abetting claims against CJE premised on three underlying frivolous state law claims: (1) highway obstruction in violation of the Illinois Vehicle Code, (2) public nuisance, and (3) false imprisonment. Conspiracy and aiding and abetting claims are not standalone causes of action—both require an underlying tort. But the underlying tort claims alleged in the Complaint are frivolous for the following reasons:

- **Highway Obstruction**: There is no private right of action under the Illinois Vehicle Code.

- **Public Nuisance**: The Complaint does not satisfy the special injury standing requirement, which requires a plaintiff to plead facts showing that they were distinctively injured by the nuisance compared to the injuries sustained by the general public.

- **False Imprisonment**: The Complaint does not allege the kind of cognizable imprisonment of Plaintiff required by Illinois law.

And, even if Plaintiff had properly asserted an underlying tort, the conspiracy claims would fail because Plaintiff failed to sufficiently allege the indispensable element of a conspiracy claim that CJE entered into an agreement with a co-conspirator, and the aiding and abetting claims would fail because Plaintiff failed to allege that CJE substantially assisted the underlying wrong, particularly because the Bail Fund would have no impact in a state that no longer has a cash bail system and a county that has a public defender's office that can provide representation to arrested protesters free of charge.

*Second*, Plaintiff and his counsel should be sanctioned because the Complaint itself strongly suggests they have filed this action against CJE for an improper purpose, such as to harass CJE. For example, they are pursing frivolous claims unsupportable in law, even though Plaintiff has not suffered any cognizable injury, and they go so far as to seek an injunction against CJE's First Amendment protected activity (solicitation of charitable contributions) without pleading anything that would entitle him to that kind of extraordinary relief. Lest there be any doubt about the prejudice to CJE that Plaintiff is seeking to impose simply for facilitating a national bail fund, it should be eliminated by a review of the Complaint, which contains dozens of inflammatory allegations attempting to tie CJE to Hamas and the Iranian Revolutionary Guard Corp (both designated foreign terrorist organizations)—allegations that have literally no relevance whatsoever to the garden-variety Illinois state law claims against CJE, which themselves are facially meritless. And, in light of current congressional efforts to give the U.S. Treasury Department carte blanche

3

authority to strip organizations of their 501(c)(3) status if it deems that they have ties to terrorist organizations, it strongly appears that Plaintiff and his counsel included these irrelevant allegations solely for the improper purpose of attempting to generate hostile publicity for those supporting the April 15 protest by implying, without a shred of evidence, that they were supporters of terrorism and acting at the behest of terrorists. Plaintiff's lawsuit is thus clearly an improper attempt to intimidate CJE from engaging in First Amendment protected conduct in support of the Palestine solidarity movement for fear of losing its 501(c)(3) status.

**FACTUAL BACKGROUND**

**CJE's Mission Centers on the Reform of the Criminal Justice System, Including the Elimination of Pretrial Detention**

CJE is a 501(c)(3) non-profit organization that "develops, shares and experiments with tactical interventions, strategic organizing practices, and innovative organizing tools to end all forms of criminalization, incarceration, surveillance, supervision, and detention."[2] To that end, CJE provides "support to community-based organizations that are experimenting with bottom-up, power-building interventions in the criminal legal and immigration detention systems."[3] In line with its mission, CJE maintains a list of over 90 community bail funds across the country and hosts the National Bail Fund Network.[4] CJE's website notes that "during local and national protests, specific protest bail funds may be established or restart activity."[5]

---

[2]   Community   Justice   Exchange,   *About   Us*,   (Jan.   6,   2024) https://www.communityjusticeexchange.org/en/about-us; *Mussat v. Power Liens, LLC*, No. 13-CV-7853, 2014 WL 3610991 at *3 (N.D. Ill. Jul. 21, 2014) (noting that courts have the discretion to take judicial notice of the contents of a website.)
[3] *Id*.
[4]   Community   Justice   Exchange,   *National   Bail   Fund   Network   Directory*,   (Jan.   6,   2024), https://www.communityjusticeexchange.org/en/nbfn-directory.
[5] *Id*.

## CJE Solicited Charitable Donations for a Nationwide Bail Fund for Pro-Palestine Protests

In April 2024, in line with its mission, CJE solicited charitable donations for the Bail Fund, a nationwide bail fund created "to support community members who are criminalized in the U.S. for their solidarity with Palestine." ECF 33, Am. Compl. ("Compl.") ¶ 58. The link to the Bail Fund was posted on a15action.com, a website created as part of a worldwide civil disobedience effort "to coordinate a multi-city economic blockade … in solidarity with Palestine" in major cities across seventeen countries, including Chicago, Illinois. *Id.* ¶ 52. Plaintiff also alleges CJE specifically created, helped advertise, and managed "a bail fund for A15 Action activists," which he alleges "incentivized and encouraged … unlawful conduct." *Id.* ¶ 59. These are the only allegations directed specifically at CJE.

## Illinois Eliminated Cash Bail and Cook County Has a Public Defender's Office

In September 2023, Illinois abolished cash bail.[6] As a result, there is no need for cash to obtain bail in Illinois.[7] And in Cook County, Illinois, if someone is arrested and cannot afford a private lawyer, the court will appoint a Cook County Public Defender to represent the person.[8]

## April 15, 2024 Illinois Protest

On April 15, 2024, protesters in Chicago blocked the portion of the Interstate 190 leading to O'Hare Airport between 7:00 a.m. and 9:30 a.m. *Id.* ¶¶ 60–61. Plaintiff is an Indiana resident and lawyer who was traveling that morning and became stuck in traffic for "over an hour," which required him to adjust his plans to arrive at his destination later than he expected. *Id.* ¶ 6.

---

[6] Illinois Legal Aid Online, *Cash Bail Changes under the 2023 SAFE-T Act*, (Jan. 6, 2025), https://www.illinoislegalaid.org/legal-information/cash-bail-changes-2023-safe-t-act.
[7] *Id.*
[8] Cook County Public Defender's Office, *Public Defender FAQ*, (Jan. 6, 2024), https://www.cookcountypublicdefender.org/Resources/public-defender-faq.

**The Complaint**

On November 11, 2024, Plaintiff filed the Complaint, which purported to assert class action claims against seven entities, including CJE and four individuals. Six of the complaint's 12 counts are against CJE: (1) conspiracy to commit a statutory violation of 625 ILCS § 5/11-1416 (Obstructing Highways) (Count VII); (2) conspiracy to commit public nuisance (Count VIII); (3) conspiracy to commit false imprisonment (Count IX); (4) aiding and abetting statutory violation of 625 ILCS § 5/11-1416 (Obstructing Highways) (Count X); (5) aiding and abetting public nuisance (Count XI); and (6) aiding and abetting false imprisonment (Count XII). Plaintiff purports to represent a class of "all non-Illinois residents who were either drivers or passengers of vehicles traveling on the morning of April 15, 2024, between the hours of 7:00 a.m. and 10:00 a.m. in Chicago, Illinois on I-190 …, who were confined in their vehicles because of the activists blockading traffic on I-190…." Compl. ¶ 75.

Plaintiff alleges that the individual defendants, "along with at least thirty-eight other activists," created a human wall blocking I-190 to O'Hare Airport which brought traffic to "a total standstill," and that "O'Hare was inaccessible, and thousands of innocent commuters and travelers were trapped in their cars." *Id.* ¶¶ 65–66. Plaintiff also alleges that passengers "could not reasonably move because they were on the middle of an interstate," but that "[s]everal people exited stopped vehicles and walked … to the terminals." *Id.* ¶ 70.

With respect to his own situation, Plaintiff alleges that he "was en route to a flight . . . for a business trip," *id.* ¶ 71; that due to the protest, he "was frozen on the highway for well over an hour, unable to move or navigate out of the traffic jam," and "was also too far away from the blockade to simply get out of his car and walk to the airport (plus that would have required abandoning his car)," *id.*; and that "[a]s a result of being stuck in traffic, Plaintiff missed his flight

that morning and spent the next several hours re-booking his flight," *Id.* ¶ 74, which caused him to miss "an important work dinner and networking session." *Id.* Plaintiff alleges that this caused him a "[l]oss of personal freedom," unspecified "[l]ost business opportunities," "[a]nnoyance, inconvenience, and physical discomfort, anxiety and emotional distress by being confined in a stationary vehicle for an unreasonable period of time and uncertainty about when he might be free to resume traveling," "loss of time having to rearrange travel plans after missing his flight," and "[t]he inconvenience and anxiety from missing a business trip to Virginia, including an important business dinner and networking opportunity." *Id.* ¶¶ 95, 100, 109, 118, 126, 133, 140, 147, 153, 159. Plaintiff claims that his "injuries are different from the general public in the area commuting the morning of April 15, 2024, who were not trapped, hindered or otherwise delayed by the Defendants' actions." *Id.* ¶ 96. Although Plaintiff does not allege any financial loss as a result of his travel plans being altered, in the prayer for relief, he nevertheless seeks compensatory and punitive damages, as well as "injunctive relief prohibiting Defendants from further engaging in the unlawful conduct alleged in this Complaint." *Id.* ¶ 39.

The Complaint also contains dozens of inflammatory allegations about Hamas and the Iranian Revolutionary Guard Corps (IRGC), alleging that the A15 Action effort was organized at the behest of Hamas and the IRGC, both designated foreign terrorist organizations under US law. Of the 49 paragraphs in the fact allegations section of the Complaint, at least half include these inflammatory allegations about Hamas and Iran, implying that those who were protesting were terrorists or that they supported terrorism, including the following representative examples:

- "The tortious conduct at issue derives from the generational conflict between Hamas and Israel over Israel's right to exist, which Hamas has now exported to the United States as part of its propaganda operation against Israel." Compl. at 10–12.

- "Hamas employs terrorism, propaganda, and falsehoods to portray itself as opposing a phony 'settler-colonial' narrative of Israel; this includes the myth that Israel is a colonizer

which has oppressed the Palestinian people. In promoting this lie, Hamas ignores actual events of the recent past in which Israel ceded the Palestinians the Gaza Strip, which it won from Egypt in the Six Day War in 1967. Israel is one of the only nations in memory to cede land won in a war in an effort to establish peace. Similarly, Hamas's narrative of the Palestine-Israeli conflict ignores that Israel unilaterally withdrew from the Gaza Strip in 2005." *Id.* ¶ 29.

- "Hamas recognizes that its ultimate goal of eliminating the State of Israel is impossible without a drastic shift in America's pro-Israel paradigm. Accordingly, the focus of its propaganda war now centers on our shores." *Id.* ¶ 32.

- "On October 7, 2023, Hamas launched the deadliest attack against Israel in its history—killing almost 1,200 Israelis, most of them innocent civilians, and taking even more hostage (including some Americans living in Israel)." *Id.* at 12–15.

- "October 7 was the deadliest day in Israel's history, even though it has faced the threat of violence from various nation-states and foreign terrorist organizations since it became a nation in 1948." *Id.* ¶ 36.

- "Israel responded to the October 7 attack by Hamas with a military campaign against Hamas that has resulted in hardship for the Palestinian people living in Gaza. Hamas soldiers use innocent Palestinian non-combatants as human shields and intercept aid trucks to resell supplies for profit. Hamas then quickly amplified its propaganda message to portray Israel as an indiscriminate aggressor in the dispute." *Id.* ¶ 38.

- "Sometime in March 2024, the IRGC issued an internal memorandum entitled 'Supporting and Encouraging Palestinian Movements towards the Political Isolation of Zionism' that called for 'an economic blockade across four continents in solidarity with Palestinians' to take place on April 15, 2024. The name of the organizing effort became 'A15 Action.'" *Id.* ¶ 47.

- "The IRGC's memo was disseminated to Hamas and other IRGC subordinates. Defendants AMP and NSJP acting as Hamas's propaganda arm in the United States, in turn implemented that strategy of disruption." *Id.* ¶ 50.

Significantly, there is not a single fact about why these allegations are relevant to the claims in the Complaint, let alone relevant to CJE, or how CJE could possibly have any ties to Hamas or the IRGC, or have engaged in any efforts to support designated terrorist organizations or terrorism.

## LEGAL STANDARD

Rule 11 requires an attorney "presenting to the court a pleading, written motion, or other paper" to certify that "the claims, defenses, and other legal contentions are warranted by existing

*Sent Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure*

law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that "it is not being presented for any improper purpose, such as to harass." Fed. R. Civ. P. 11(b). Rule 11 "impos[es] sanctions if counsel files with improper motives or inadequate investigation." *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989). Rule 11 sanctions are warranted where "it should have been obvious to [plaintiff] before filing suit" that plaintiff's claims were not viable. *Wilford v. County of Rush*, 2003 WL 77003, at 5 (S.D. Ind. Jan. 7, 2003). "The purpose of Rule 11 is to deter baseless filings." *Eberhardt v. Village of Tinley Park*, No. 1:20-CV-1171, 2022 WL 22896754, at *2 (N.D. Ill. Aug. 18, 2022).

"Rule 11(b) prohibits the filing of frivolous claims[.]" *U.S. v. Rogers Cartage Co.*, 794 F.3d 854, 863 (7th Cir. 2015). "[A] frivolous . . . claim is one that is baseless and made without a reasonable and competent inquiry." *N. Ill. Telecom, Inc. v. PNC Bank, NA*, 2015 WL 1943271, at *5 (N.D. Ill. Apr. 29, 2015), *rev'd sub nom.* 850 F.3d 880 (7th Cir. 2017). "Rule 11 embodies both an objective and a subjective standard, prohibiting both 'frivolousness on the objective side' and 'bad faith on the subjective side.'" *Eberhardt*, 2022 WL 22896754, at *2 (internal citation omitted). To determine whether a claim is "objectively frivolous, the court must 'undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless.'" *Id.* (internal citation omitted); *Last Atlantis Cap. LLC v. AGS Specialist Partners*, 2018 WL 2412386, at *1 (N.D. Ill. May 29, 2018). "Rule 11 requires counsel to study the law before representing its contents to a federal court." *McGreal v. Vill. of Orland Park*, 928 F.3d 556, 560 (7th Cir. 2019). "[A]n attorney cannot avoid sanctions by claiming subjective good faith if a reasonable inquiry into the facts and law would have revealed the frivolity of the position." *Id.*

"[T]he decision to award sanctions under Rule 11" and what sanctions to award, including attorneys' fees, "is within the Court's discretion." *N. Ill. Telecom, Inc.*, 2015 WL 1943271, at *5.

"Under Rule 11 the court 'shall' award sanctions if it finds a violation." *Eberhardt*, 2022 WL 22896754, at *2 (citing *Mars Steel*, 880 F.2d at 932).

## ARGUMENT

**I.      THE COURT SHOULD AWARD SANCTIONS BECAUSE THE COMPLAINT IS NOT SUPPORTED BY EXISITING LAW OR A NONFRIVOLOUS ARGUMENT FOR ALTERING THE EXISTING LAW OR CREATING NEW LAW.**

### A.      Plaintiff Lacks Article III Standing, and There Is No Nonfrivolous Argument for a Departure from Existing Law.

The Complaint is sanctionable because a reasonable inquiry would have revealed that Plaintiff did not suffer the concrete and particularized injury required for Article III standing.

A plaintiff has standing only if that party "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Keller v. Lvnv Funding, LLC*, No. 22-CV-00942, 2022 WL 7501335, at *1 (N.D. Ill. Oct. 13, 2022) (no Article III standing where plaintiff's complaint mentions harm only in the form of harassment, annoyance, and a general loss of "time and money") (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)); *see also Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1044 (7th Cir. 2021). To establish an injury in fact, a plaintiff must allege a "concrete and particularized" injury. *Pennell*, 990 F.3d at 1044 (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000)). "An injury is particularized if it 'affect[s] the plaintiff in a personal and individual way,' and it is concrete if it is 'real, and not abstract.'" *Id.* (citations omitted). The "most obvious" concrete injuries are "traditional tangible harms, such as physical harms and monetary harms." *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190, 2208 (2021); *Pennell*, 990 F.3d at 1044 (holding that stress by itself does not amount to a concrete harm). "Annoyance, indignation, stress, intimidation or confusion are not concrete injuries." *Keller,* 2022 WL 7501335, at *2 (citing Collier v. SP Plus Corp., 889 F.3d 894, 895–96 (7th Cir. 2018)).

*Sent Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure*

Here, Plaintiff's allegations of harm are not supported by existing law requiring allegations of concrete and particularized injury, nor is there any non-frivolous argument for a change in the law. The only harm and injuries the Complaint alleges center on Plaintiff's annoyance, anxiety, inconvenience, loss of time, loss of a "business dinner" and "networking opportunity," and other non-concrete injuries. But, as the court in *Keller* noted, these kinds of intangible effects do not satisfy Article III's standing mandate for a concrete and particularized injury. In *Keller*, the court found that plaintiffs did not satisfy the Article III standing requirement when they alleged nothing more than an amorphous "loss of time and money." *Keller*, 2022 WL 7501335, at *2. Plaintiff's clear lack of Article III standing is thus sanctionable.

### B. Plaintiff's Claims for Civil Conspiracy and Aiding and Abetting Against CJE Also Are Sanctionable.

In addition to Plaintiff's clear lack of standing, his six conspiracy and aiding and abetting claims against CJE also are sanctionable because they require an underlying tort, but they are premised solely on three frivolous underlying claims that are not supported by existing law, and there is no non-frivolous basis to modify existing law as to each claim. The same is true for the dependent claims of conspiracy and aiding and abetting against CJE. Even if the underlying claims were not baseless, the civil conspiracy and aiding and abetting claims are themselves facially defective because Plaintiff failed to allege the existence of the agreement required for a conspiracy claim or the substantial assistance of wrongdoing required for an aiding and abetting claim.

#### 1. The Underlying Tort Claims Are Frivolous.

"'Conspiracy' is not an independent tort." *Sanchez & Daniels v. Koresko & Assocs*, No. 04 C 5183, 2006 WL 3253604, at *6 (N.D. Ill. Nov. 8, 2006) (citing *Thomas v. Fuerst*, 345 Ill. App. 3d 929, 936 (1st Dist. 2004)); *see also A Communication Co., Inc. v. Bonutti*, 55 F. Supp. 3d 1119, 1125 (S.D. Ill. 2014) (dismissing conspiracy to commit conversion where plaintiff failed to

11

sufficiently plead underlying conversion claim). Similar to civil conspiracy, aiding and abetting "is not a separate tort …; there must be an otherwise actionable tort that the defendant aided and abetted." *Id.* (citing *Hefferman v. Bass,* 467 F.3d 596 (7th Cir. 2006)). Thus, where the underlying tort claims fail, the civil conspiracy and aiding and abetting claims automatically fail. *See id.* (dismissing civil conspiracy and aiding and abetting claims where the underlying claims failed).

> **a.**     **Plaintiff's Underlying Claim for Statutory Violation of 625 ILCS § 5/11-1416, Obstructing Highways Is Facially Frivolous.**

Plaintiff's conspiracy and aiding and abetting claims based on the alleged violation of 625 ILCS § 5/11-1416, Obstructing Highways, are frivolous and warrant sanctions. Section 625 ILCS § 5/11-1416 is a section of the Illinois Vehicle Code, which "does not provide for a private right of action." *Priddle v. Dean Malanis and Great Lakes Service II, Inc.*, 2017 WL 372302, at *4 (N.D. Ill. Jan. 25, 2017). To the contrary, the Illinois Vehicle Code provides that it is the responsibility of the "State's Attorney … [to] prosecute all violations except when the violation occurs within the corporate limits of a municipality," in which case "the municipal attorney may prosecute if written permission to do so is obtained from the State's Attorney." 625 ILCS § 5/16-102. As a result, Plaintiff had no basis for asserting a private claim under 625 ILCS § 5/16-102.

> **b.**     **Plaintiff's Underlying Claim for Public Nuisance Is Facially Frivolous.**

Plaintiff's conspiracy and aiding and abetting claims based on the public nuisance claim also are frivolous and warrant sanctions. A plaintiff asserting a public nuisance claim must allege facts showing four elements: "the existence of a public right, a substantial and unreasonable interference with that right by the defendant, proximate cause, and injury." *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 369 (2004) (citing *Feder v. Perry Coal Co.*, 279 Ill. App. 314, 318 (4th Dist. 1935)). Moreover, the plaintiff must "be *distinctively injured* by the nuisance compared to the injury sustained by the general public." *In re Paraquat Prods. Liab. Litig.*, 2023

WL 3948249, *6 (S.D. Ill. June 12, 2023) (emphasis added). "The harm must be of a different type, not merely a difference in severity or imposing a disproportionate share of the burden on [the plaintiff]." *Id.* (quoting *In re StarLink Corn Prods. Liab. Litig.*, 212 F. Supp. 2d 828, 848 (N.D. Ill. 2002)). "This rule is commonly referred to as the 'special injury' standing requirement." *Id.*

Illinois courts have long explained that "in the case where the injury was loss of time, business, engagements, and the like, there is merely an injury to the public right of use of the street." *In re Paraquat Prods. Liab. Litig.*, 2023 WL 3948249, at *6 (quoting *David M. Swain & Son v. Chicago, B. & Q.R. Co.*, 252 Ill. 622 (1911)). Where the public nuisance is obstruction of a highway, "[t]he loss of time in going around such obstruction would be common to all," and thus does not satisfy the special injury standing requirement. *Id.* "One person might be delayed only a few seconds, while another, traveling by a different mode of conveyance, might be delayed much longer," and the damage for one being "nominal while in another it might be considerable, but in all these cases the damages would differ only in degree, and not in kind…." *Id.*

Plaintiff's alleged injuries are not distinct from injuries sustained by the general public. Plaintiff's loss of time and missing a business meeting, as well as the "anxiety" that he purportedly suffered, are exactly the kinds of alleged injuries all other passengers stuck in traffic would have suffered. And the damages Plaintiff purportedly suffered "differ[s] only in degree" from the general public, "and not in kind." *David M. Swain & Son v. Chicago, B. & Q.R. Co.*, 252 Ill. 622 (1911). As a result, Plaintiff's claim for public nuisance is not supported by existing law, and there is no nonfrivolous basis for departing from existing and well-established law.

### c.   Plaintiff's Underlying Claim for False Imprisonment Is Facially Frivolous.

Plaintiff's conspiracy and aiding and abetting claims based on the false imprisonment claim also warrant sanctions. There is no colorable false imprisonment claim for being stuck in traffic

for longer than he anticipated because of the protest. To state a claim for false imprisonment, the plaintiff must allege "an unlawful restraint of an individual's personal liberty or freedom of locomotion." *Marsden v. Kishwaukee Cmty. College*, 572 F. Supp. 3d 512, 531 (N.D. Ill. 2021). "The confinement must be against an individual's will; voluntary consent to confinement defeats the claim." *Id.* at 532. Additionally, "not every inducement to remain can rise to the level of false imprisonment." *Marcano v. Northwestern Chrysler-Plymouth Sales, Inc*., 550 F. Supp. 595, 603 (N.D. Ill. 1982). "[A] false imprisonment claim does not lie where the plaintiff is merely prevented from being or remaining in a place where she wants to be." *Robinson v. Sabis Educ. Sys., Inc.*, No. 98 C 4251, 1999 WL 414262, at *15 (N.D. Ill. June 4, 1999). As cogently stated in the Restatement (Second) of Torts, "one who blocks off a highway, intending to prevent the public from passing along it, is not liable for false imprisonment to one whose privilege to use the highway has been thus denied." Restatement (Second) of Torts § 36, comment d (1965).

In *Marcano*, the court found that choosing to remain with your automobile and belongings, which Plaintiff alleges he did here, did not constitute unlawful detention as there was no physical restraint or restriction on the individual's freedom to move. 550 F. Supp. at 595; *see also Gable v. Universal Acceptance Corp*., 338 F. Supp. 3d 943, 957 (E.D. Wis. 2018) (parking tow truck behind plaintiffs' car was not false imprisonment because plaintiffs were "free to leave their car"). Similarly in *Martin v. Lincoln Park West Corp*., the court held that no false imprisonment was present where an individual subject to no real or perceived restraints chose to remain with his personal belongings. 219 F.2d 622, 624 (7th Cir. 1955). Courts have consistently rejected false imprisonment claims where plaintiffs "absurdly" allege that they have been "confined to all the world except the place where [they] want to be." *Robinson*, 1999 WL 414262, at *15 (citing cases) (internal quotation marks omitted).

14

Here, the Complaint makes clear that at no time was Plaintiff imprisoned. Plaintiff was merely stuck in traffic, not imprisoned in his car. The fact that it took longer to reach his preferred destination than Plaintiff anticipated does not constitute false imprisonment. Plaintiff's own allegations confirm that other individuals got out of the vehicles they were in and walked to O'Hare Airport. Compl. ¶ 70. Similar to the plaintiffs in *Marcano*, *Gable*, and *Martin*, Plaintiff made a conscious decision to stay in and with his vehicle, but that is not sufficient to maintain a false imprisonment claim.

### 2. Plaintiff's Conspiracy Claims Are Otherwise Sanctionably Defective.

Under Illinois law, a "[c]ivil conspiracy consists of a combination of two or more persons for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means." *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 62 (1994). The agreement between two individuals is "'a necessary and important' element" of a conspiracy claim. *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill.2d 102, 133 (1999) (quoting *Adcock*, 164 Ill.2d at 62–64); *see also Trodden, Inc. v. J & E Auto Enterprises, Ltd*, 2014 IL App (1st) 103733-U, ¶¶ 27–29, 2014 WL 1117028, at *6 (Ill. App. Ct. 1st Dist. 2014) (affirming dismissal of conspiracy claim where plaintiff failed to provide any specific details regarding the alleged agreement).

Here, Plaintiff has not alleged that CJE entered into an *agreement* to commit tortious conduct, as required to establish conspiracy liability in Illinois. Plaintiff alleges only that CJE created, advertised, and managed the Bail Fund for protesters around the country who chose to participate in the April 15 protest and may need bail or other legal assistance following the protest. However, Plaintiff does not allege, because he cannot, that CJE entered into any specific agreement with anyone who blocked I-190 on April 15, 2024. Plaintiff only alleges that the creation of the Bail Fund may have "incentivized participation" in the protest, but nothing suggests that there was any agreement between CJE and anyone else to commit torts. Indeed, there is nothing in the law

to suggest that the creation, advertisement, and management of the Bail Fund by a nonprofit organization fulfilling its mission is the kind of agreement that creates conspiracy liability.

> **3.    Plaintiff's Aiding and Abetting Claims Also Are Otherwise Sanctionably Defective.**

To maintain an aiding and abetting claim in Illinois, a plaintiff must allege that: "(1) the party whom the defendant aids must perform a wrongful act which causes an injury; (2) the defendant must be regularly aware of his role as part of the overall or tortious activity at the time that he provides the assistance; and (3) the defendant must knowingly and substantially assist the principal violation." *Bank of America, N.A. v. Knight*, 875 F. Supp. 2d 837, 849 (N.D. Ill. 2012) (quoting *Grimes v. Saikley,* 388 Ill. App. 3d 802, 819 (4th Dist. 2009)). "[I]t is not enough that a defendant assist or encourage another to engage in a tort; rather, to subject a defendant to liability, the assistance or encouragement must be substantial." *Kohn v. Laidlaw Transit, Inc.*, 347 Ill. App. 3d 746, 759 (5th Dist. 2004); *see also Umble v. Sandy McKie and Sons, Inc.*, 294 Ill. App. 3d 449, 451 (2d Dist. 1998) (finding assistance was not substantial when the person defendant assisted likely would have taken the same course of action even without defendants' involvement).

Here, Plaintiff's only allegations against CJE—that it created the Bail Fund that was available to people across the country—does not come close to alleging that CJE knowingly and substantially assisted any alleged unlawful conduct. Not surprisingly, Plaintiff has failed to allege any contact between CJE and any protestors in which CJE encouraged anything, and for good reason—CJE did not substantially assist anyone in engaging in any alleged unlawful conduct. It simply helped raise money to make bail available to protestors across the country who might require cash for bail. But encouraging the right of access to bail does not constitute actionable wrongful conduct. Were the law otherwise, organizations or people who advertise bail funds would be subject to limitless aiding and abetting liability based on the alleged conduct of individuals who

16

they did not know and with whom they have had no contact, merely on the absurd theory that the bail fund encouraged those individuals' alleged wrongful conduct. No Illinois law currently does or can justify Plaintiff's draconian and unsupportable theory of liability.

The lack of substantial assistance is particularly glaring given the abolishment of cash bail in Illinois in 2023, months prior to the April 2024 protest, as there would have been no need for anyone in Illinois to access funds from the Bail Fund for bail. And the existence of the Cook County Public Defender's office similarly rendered moot any need for funds from the Bail Fund for legal assistance from legal consequences from the protest. Therefore, CJE's solicitation of charitable donations across the country for the Bail Fund could not have even "incentivized," let alone substantially assisted, anyone in Illinois to do, or not do, anything. The assertion of Plaintiff's aiding and abetting claims is sanctionable.

## II.    PLAINTIFF AND PLAINTIFF'S COUNSEL VIOLATED RULE 11 BECAUSE THE COMPLAINT WAS FILED FOR AN IMPROPER PURPOSE.

Apart from the failure of Plaintiff and his counsel to comply with Rule 11's pre-filing inquiry and certification provisions, sanctions are also appropriate where complaints are filed for an "improper purpose, such as to harass." Fed. R. Civ. P. 11(b); *see also Mars Steel*, 880 F.2d at 932 (Rule 11 "imposes sanctions if counsel files with improper motives….").

*First,* the Complaint was filed for the improper purpose of harassing CJE in an effort to punish it for its perceived role in making bail available to individuals protesting for solidarity with Palestine. In *Burda v. M. Ecker Co.*, the Seventh Circuit affirmed a sanctions award against a plaintiff whose "position was not supported by any colorable legal argument," concluding, "it is reasonable to presume that such arguments were pursued to 'vex' defendants." 2 F.3d 769, 777 (7th Cir. 1993). In *Walton v. First Merchants Bank Corp.*, the district court affirmed a sanctions award against a plaintiff who filed "frivolous claims … utterly devoid of any factual or legal

17

*Sent Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure*

merit." 2022 WL 480039, at *6 (S.D. Ind. Feb. 14, 2022), *aff'd by* 2022 WL 3999965 (7th Cir. 2022). The district court concluded that "the mere fact that [the plaintiff] presses this suit against [the defendant] demonstrates that the suit has no other purpose than to harass [the defendant] and inflict unnecessary litigation costs on [the defendant]." *Id.* Similarly, in *Eberhardt*, the court sanctioned a plaintiff that brought an action for the "improper purpose of being a nuisance" to the defendants. 2022 WL 22896754 at * 6 (N.D. Ill. Aug. 18, 2022).

Here, Plaintiff filed a 12-count complaint against CJE and other defendants because he was stuck in traffic for "more than an hour" and missed a "networking opportunity" and "business meeting" due to a pro-Palestine protest. Delays from protests are annoyances that happen frequently, and for various reasons. But the inconvenience resulting from the protest does not warrant a federal class action lawsuit against a range of people and organizations that Plaintiff believes supported the message underlying the protest. The fact that this plaintiff is aggressively seeking to turn the April 15 Chicago protest into a class action, where Plaintiff has not suffered any cognizable injury, has based the suit on claims unsupported in the law, and is seeking an injunction against CJE's First Amendment protected activity,[9] suggests that Plaintiff is pursuing these claims to harass CJE rather than legitimately seeking recompense for a damaging wrong.

*Second,* Plaintiff's unjustifiable inclusion of highly inflammatory and irrelevant allegations seeking to associate CJE with Hamas and the IRGC reveals his purpose of harassing and punishing

---

[9] It is well established that soliciting donations for charitable causes is protected expressive speech under the First Amendment. *E.g.*, *Vill. of Schaumberg v. Citizens for a Better Env't*, 444 U.S. 620, 632–33 (1980) ("charitable appeals for funds . . . involve a variety of speech interests . . . that are within the protection of the First Amendment"); *Riley v. Nat'l Fed'n of the Blind of N.C., Inc.*, 847 U.S. 781, 795 (1988) (ordinance restricting professional fundraisers conducting charitable solicitations was a content-based restriction); *Wisconsin Action Coalition v. City of Kenosha*, 767 F.2d 1248, 1251 (7th Cir. 1985) (ordinance restricting door-to-door solicitation of charitable funds violated First Amendment; "it is beyond dispute that solicitation is a form of speech protected by the First Amendment").

CJE for what Plaintiff believes to be CJE's support of the protest's message of solidarity for Palestine. It appears that Plaintiff seeks to use this lawsuit to intimidate CJE into abandoning its mission of making bail available to supporters of Palestine out of fear, based on the current debate in Congress around legislation that would grant the U.S. Treasury Department the authority to more easily strip organizations of their 501(c)(3) status if it deems that they are linked to terrorist organizations.[10] There is good reason to conclude this. Plaintiff's numerous allegations about Hamas and the IRGC being behind the protests have nothing to do with the routine, yet unsupportable, Illinois common law claims Plaintiff is attempting to assert or the alleged (non-existent) injuries that Plaintiff sustained by being late for a meeting and dinner. The protesters could have been protesting anything, and it would not matter to Plaintiff's claims, as the underlying message that the protestors were seeking to communicate has absolutely no relevance to the elements of Plaintiff's claims. Yet Plaintiff spent dozens of paragraphs attempting to tie the defendants, including CJE, to designated foreign terrorist organizations for no purpose other than to damage CJE by wrongly suggesting in a public filing that CJE has ties to a terrorist organization or sympathizes with one. This is a clear attempt to intimidate CJE to forgo its business mission of encouraging bail funds out of fear that it will be subjected to publicity that will put its 501(c)(3) status in jeopardy. It is not far-fetched that Plaintiff 's Counsel in particular may be targeting pro-Palestine protestors for litigation because of their beliefs. Indeed, Plaintiff's Counsel has engaged in online solicitation of potential plaintiffs to support claims in connection with other pro-Palestinian protests around the country that they specifically describe as "pro-Hamas" and "anti-

---

[10] House passes bill that would allow Treasury to target nonprofits it deems to support terrorism, AP (Nov. 23, 2024), https://apnews.com/article/nonprofit-bill-terrorism-treasury-trump-aclu-ac88da656ea0d5cf8deb2e7bd045c1a4.

Israel."[11] All of these facts and circumstances unequivocally suggest that the purpose of the Complaint was to harass CJE in violation of Rule 11.

## III.     CJE SHOULD BE AWARDED REASONABLE ATTORNEYS' FEES AND COSTS.

To "deter repetition of th[is] conduct," the Court should require Plaintiff and Plaintiff's Counsel to pay CJE's reasonable attorneys' fees and costs incurred in responding to the Complaint. Fed. R. Civ. P. 11(c)(4). Courts in this circuit have issued similar sanctions where frivolous and harassing litigation caused the other party to incur attorneys' fees and costs in responding. *See*, *e.g.*, *Eberhardt*, 2022 WL 22896754, at *2 (awarding attorneys' fees under Rule 11 where plaintiff filed objectively frivolous claims and acted in bad faith with the intent to harass the defendant).[12] Because Plaintiff's allegations against CJE "fall short of th[e] minimal standards" imposed by Rule 11, "an award of attorney's fees is appropriate under Rule 11." *Theis*, 1986 WL 12304, at *1.

## CONCLUSION

For the reasons stated above, CJE respectfully asks this Court to find that Plaintiff and Plaintiff's Counsel violated Rule 11 and to order Plaintiff and Plaintiff's Counsel to pay CJE's reasonable attorneys' fees and costs incurred in defending against Plaintiff's Complaint.

---

[11]     @HamLincLaw,          X          (Feb.          7,          2024,          3:35pm), https://x.com/HamLincLaw/status/1755344433241854442 ("Drivers stuck on the streets by radical pro-Hamas activists have cause for legal action, HLLI president Ted Frank tells @komonews.");          @HamLincLaw,          X          (March          12,          2024,          9:42am), https://x.com/HamLincLaw/status/176756185949444254 ("Caught in the chaos of anti-Israel protests on February 1, 2024, that caused traffic jams around DC/Northern Virgina? Contact HLLI attorney Ned Hedley").

[12] *See also Burda*, 2 F.3d at 777 (affirming award of attorneys' fees and costs under Rule 11 on grounds that plaintiff's arguments were objectively unreasonable and frivolous); *Theis v. Smith*, No. 86 C 6994, 1986 WL 12304, at *1 (N.D. Ill. Oct. 29, 1986) (awarding attorneys' fees under Rule 11 where plaintiff brought claims that were clearly baseless); *Wilford*, 2003 WL 77003, at *7 (awarding attorneys' fees under Rule 11 where the plaintiff filed the lawsuit with the intent to harass the defendant).

Dated: January 27, 2025     Respectfully submitted,

             /s/ *Precious Jacobs-Perry*
             Precious Jacobs-Perry
             Ali I. Alsarraf
             JENNER & BLOCK LLP
             353 N. Clark Street
             Chicago, IL 60654-3456
             Telephone: (312) 222-9350
             Facsimile: (312) 527-0484

             *Counsel for Defendant Tides Center d/b/a*
             *Community Justice Exchange*

*Sent Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHRISTOPHER MANHART, *individually and on behalf of all others similarly situated*,
<em>Plaintiff,</em>

v.

AJP EDUCATION FOUNDATION, INC. d/b/a AMERICAN MUSLIMS FOR PALESTINE, WESPAC FOUNDATION, INC., NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, DISSENTERS, EDUCATION FOR A JUST PEACE IN THE MIDDLE EAST, d/b/a US CAMPAIGN FOR PALESTINIAN RIGHTS, JEWISH VOICE FOR PEACE, TIDES CENTER, d/b/a COMMUNITY JUSTICE EXCHANGE, JINAN CHEHADE, SUPERIOR MURPHY, RIFQA FALANEH, and SIMONE TUCKER,
<em>Defendants.</em>

No. 1:24-cv-8209

District Judge Mary L. Rowland

Magistrate Judge Keri L. Holleb Hotaling

## DEFENDANT TIDES CENTER, D/B/A COMMUNITY JUSTICE EXCHANGE'S
## MOTION FOR SANCTIONS UNDER RULE 11
## OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant Tides Center d/b/a Community Justice Exchange ("CJE"), by and through its attorneys, and pursuant to Rule 11 of the Federal Rules of Civil Procedure, hereby respectfully moves this Court for Rule 11 sanctions against Plaintiff and Plaintiff's counsel. In support of this motion, CJE submits the accompanying memorandum of law, and states as follows:

1. On November 11, 2024, Plaintiff and his counsel filed the Amended Complaint (ECF # 33) (the "Complaint") in violation of Rule 11(b) of the Federal Rules of Civil Procedure, which provides in pertinent part: "(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's

*Sent Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure*

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . ." Fed. R. Civ. P. 11(b).

2.      Specifically, the Complaint (1) is not grounded in or supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (2) was filed for an improper purpose, mainly to harass CJE.  This motion is supported by the accompanying memorandum of law in support.

3.      Pursuant to Rule 11(c), CJE served this motion and the accompanying memorandum of law in support on Plaintiff's counsel on January 6, 2025, 21 days before CJE filed it with this Court.

4.      After receiving this motion and accompanying memorandum of law in support, Plaintiff and his counsel failed to withdraw the Complaint as to CJE.

5.      Because of Plaintiff and his counsel's improper conduct, CJE has incurred substantial attorneys' fees and costs in preparing and presenting the present motion for sanctions and a motion to dismiss.

WHEREFORE for all the reasons stated in this motion and accompanying memorandum of law in support, Defendant CJE respectfully requests that this Court enter an order (1) sanctioning Plaintiff and his counsel; (2) awarding Defendant CJE reasonable attorneys' fees and costs incurred in preparing and presenting the present motion for sanctions and its motion to dismiss; (3) dismissing the Complaint with prejudice against CJE; and (4) ordering any other sanctions or relief that the Court deems proper.

*Sent Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure*

Dated:  January 27, 2025                              Respectfully submitted,

                                                       /s/ *Precious Jacobs-Perry*
                                                       Precious Jacobs-Perry
                                                       Ali I. Alsarraf
                                                       JENNER & BLOCK LLP
                                                       353 N. Clark Street
                                                       Chicago, IL  60654-3456
                                                       Telephone: (312) 222-9350
                                                       Facsimile:  (312) 527-0484

                                                       *Counsel for Defendant Tides Center d/b/a*
                                                       *Community Justice Exchange*