IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANHART, *individually and on behalf of all others similarly situated*,<br><br>    *Plaintiff*,<br><br>v.<br><br>AJP EDUCATION FOUNDATION, INC. d/b/a AMERICAN MUSLIMS FOR PALESTINE, WESPAC FOUNDATION, INC., NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, DISSENTERS, EDUCATION FOR A JUST PEACE IN THE MIDDLE EAST, d/b/a US CAMPAIGN FOR PALESTINIAN RIGHTS, JEWISH VOICE FOR PEACE, TIDES CENTER, d/b/a COMMUNITY JUSTICE EXCHANGE, JINAN CHEHADE, SUPERIOR MURPHY, RIFQA FALANEH, and SIMONE TUCKER,<br><br>    *Defendants*. | No. 1:24-cv-8209<br><br>Hon. Mary L. Rowland<br><br>Magistrate Judge Keri L. Holleb Hotaling |

## DEFENDANT WESPAC FOUNDATION, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Defendant WESPAC Foundation, Inc. ("WESPAC"), by and through its attorneys, serves notice of its Objection to, and intent to oppose, Plaintiff's Motion for Leave to File His Second Amended Complaint ("SAC"), and respectfully requests that the Court strike the Motion, and require Plaintiff to agree to a briefing schedule on the Motions to Dismiss the First Amended Complaint ("FAC"), earlier ordered by the Court, and on the Rule 11 Motions anticipated to be filed on January 27, 2025. In support of this Preliminary Objection, WESPAC states the following:

1.  On January 22, 2025, WESPAC filed its Motion to Dismiss the FAC and accompanying Memorandum of Law, Doc. 53, 54, three business days before the due date for such motions. That filing apparently precipitated Plaintiff's rushed, late night filing of his Motion, containing a "proposed SAC" that Plaintiff had "not reviewed and executed," and which apparently is not the final product, because his attorneys say they "expect no significant revisions," meaning that they may well feel free to file another, revised "proposed SAC" once they get to view Defendants' objections like this one. *See* Doc. 55, par. 5. Putting aside the ethical issues raised by filing a proposed amended complaint not reviewed and approved by the Plaintiff when Defendants have served Rule 11 motions seeking sanctions against both Plaintiff and his attorneys, it is entirely inappropriate to expect Defendants to respond to, and the Court to rule upon, a motion to file a Proposed Amended Complaint that is only a draft, not a final. That is a waste of the time and money of Defendants and their attorneys, with little respect as well for the Court's time and resources.[1] The circumstances also suggest that this defective Motion was likely filed in order to delay the resolution of WESPAC's Motion to Dismiss which had just been filed, and WESPAC's Rule 11 Motion (and those of other Defendants) which had earlier been served on Plaintiff and his Counsel, who were aware that they would likely be filed on January 27, all to WESPAC's and

---

[1] Also unexplained is why Counsel had to rush to file a Motion clearly defective on its face without complying with Defendants' reasonable request to view a redline of a (final) Proposed SAC to see its contents and determine whether to consent to or oppose its filing. *Id.,* par. 2-4 (noting that defense counsel requested a track-changed copy of the proposed amended complaint to evaluate, and that Plaintiff's Counsel had received no position on the amendment (because no redline had yet been furnished to defendants for evaluation, purportedly because WESPAC moved to dismiss the FAC a few days before the deadline)). WESPAC is mystified about what one has to do with the other. Parties frequently file papers prior to the due date for a host of reasons.

Defendants' prejudice. For these reasons, Counsel's Motion for leave to file a Second Amended Complaint on Plaintiff's behalf should be stricken.

2. The Rule 15(a) standard for granting leave to amend, while liberal, is discretionary. "[A] district court may deny leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (*citing* Foman v. Davis, 371 U.S. 178, 182 (1962)). *See also Jackson v. Northwestern Memorial Hospital,* No. 19-cv-4924, 2020 WL 6801843 *6 (N.D. Ill. Nov. 19, 2020) (denying leave to amend where plaintiff "did not meaningfully address the deficiencies identified in the earlier motion to dismiss" which contained many of the same deficiencies). "Futility, in the context of Rule 15, refers to the inability to state a claim," and in "reviewing for futility district courts apply the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion. *Schwarz v. Loyola University Medical Center,* 08 C 5019, 2011 WL 1575496 *3 (N.D.Ill., Apr. 27, 2011) (denying leave to file second amended complaint as futile as well as unduly delayed) (citations and internal quotation marks omitted). *See also Schilke v. Wachovia Mortg., FSB,* 758 F.Supp.2d 549 (N.D. Ill. 2010) (denying leave to file second amended complaint as futile).

3. WESPAC will be filing its Rule 11 motion on Monday, January 27, 21 days after service of that motion on Plaintiff on January 6. Other Defendants may well do the same. We were unable to file it earlier because of the 21-day safe harbor provision of Rule 11. Upon the filing of that motion, it will become apparent that Plaintiff has already had two bites at the apple, clearly and unsupportably failing to plead valid claims or to assert personal jurisdiction over WESPAC. WESPAC served its first Rule 11 letter in October 2024 in response to the original Complaint. Instead of withdrawing his unsupported claims and assertion of personal jurisdiction, Plaintiff filed the FAC, which abandoned false conclusory assertions relating to WESPAC which

had been offered in impermissible group pleading fashion, including the critical ones that alleged that WESPAC promoted, raised money for, or did anything else relating to the O'Hare protest. The FAC relied exclusively on a legally unsupportable theory that WESPAC's acting generally as a fiscal sponsor automatically made NSJP an agent of WESPAC's, thereby subjecting it to liability for anything anyone associated with NSJP allegedly did to anyone, anywhere. Notwithstanding the absence of any (1) case law imposing on a fiscal sponsor any duty of care to third parties like Plaintiff, or (2) factual allegations specifically tying WESPAC to the O'Hare protest, Plaintiff persisted in most of the same unsupportable claims contained in the original Complaint, except for the aiding and abetting claims which he withdrew. And despite there being no factual allegations on the face of either the original or First Amended Complaint providing a basis for personal jurisdiction over WESPAC, which itself was not alleged to have been present in Illinois nor done anything in Illinois, Plaintiff declined to withdraw his case against WESPAC.

4. Plaintiff's Counsel's Motion describes the draft Proposed SAC as "narrower" than the FAC "alleging fewer theories[]." Doc. 55, par. 8. A preliminary review of the draft SAC reveals that is not true with respect to WESPAC. For example, Plaintiff's attorneys have added back the aiding and abetting claims Plaintiff withdrew in the FAC. *See* Doc. 55-2, Count VII, par. 135. They have also added a new negligence theory that unsupportably seeks to impose upon WESPAC that same misplaced legal duty to drivers at O'Hare, and indeed to anyone else in the world who feels aggrieved by anything anyone connected to NSJP allegedly did to them, even if WESPAC was totally unaware of, and thus was not involved in, the protest. *See id.,* Count IX, par. 146. The Proposed SAC names WESPAC in seven counts; the FAC named WESPAC in six. Moreover, Counsel have added allegations about additional protests having nothing to do with the O'Hare protest or WESPAC, without any factual allegations plausibly alleging that WESPAC was

aware of them, participated in them or provided fiscal-sponsor funds for them, thereby doubling down on the SLAPP aspects of this lawsuit. *See Id.*, par. 43-48.

5. The Proposed SAC cures none of the deficiencies contained in the original Complaint and FAC notwithstanding a Rule 11 letter directed at the first and a Rule 11 motion at the second. Entertaining the draft Proposed SAC would be futile for the same reasons the FAC fails to allege personal jurisdiction or state valid claims. Those reasons are set forth at length in JVP's and WESPAC's motion to dismiss the FAC, and CJE's and WESPAC's Rule 11 motions, and need not be repeated here. But it is apparent that the Proposed SAC fails to assert personal jurisdiction in the same unsupportable way as the FAC, without any allegations that would permit one to plausibly conclude that WESPAC has sufficient contacts with Illinois to pass the *International Shoe* test, or to support either general or specific personal jurisdiction. Similarly, the Proposed SAC appears to retain the highway obstruction, false imprisonment, liability, in-concert liability, and conspiracy liability claims, and the same bankrupt agency/ liability theory, notwithstanding the fundamental defects that have repeatedly been pointed out to Counsel, and notwithstanding that the claims contained in the Proposed SAC fail the Rule 12(b)(6) test like the original's and the FAC's. As noted above, Counsel's new negligence liability claim shares the same defects as their agency theory.

6. Finally, Plaintiff's attorneys have newly (and falsely) alleged, *upon information and belief,* with no plausible supporting factual allegations, that WESPAC's fiscal sponsorship of NSJP was actually one in which NSJP was "an integrated part of WESPAC with no separate legal identity" of its own. Doc. 55-2, par. 49, 146. First, nowhere in the Proposed SAC are there any specific factual allegations of events, conversations or documents lending plausibility to the proposed SAC's threadbare legal conclusion that the WESPAC-NSJP fiscal sponsorship might

have been of the "alter-ego," "integrated entity" sort. Second, this new allegation flies in the face of WESPAC's Notice of No Affiliates, filed on January 13, 2025, Doc. 48. Third, this integrated entity theory has been debunked by WESPAC's certification in another SLAPP lawsuit pending in the Central District of California where WESPAC has been sued in connection with another protest of which WESPAC was unaware and uninvolved, where this same unsupported, unsupportable and false allegation recently appeared, *in haec verba*. WESPAC's certification states, in pertinent part:

- there is no public or private parent or affiliated corporation or entity owning any of its stock;

- there are no persons, associations of persons, firms, partnerships, or corporations (including parent or affiliated corporations or entities) which have a pecuniary interest in the outcome of this case, other than WESPAC's liability insurance carrier, Alliance for Nonprofits for Insurance ("ANI"), which may have a pecuniary interest in the outcome of this case notwithstanding that it has disclaimed coverage and declined to provide a defense;

- WESPAC's fiscal sponsorship arrangement with defendant Palestinian Youth Movement ("PYM") *(or any other entity, for that matter)* thus has never been the kind of fiscal sponsorship arrangement which would, could or did create an "alter-ego relationship" between them, or "cause[] PYM to become an integrated part of WESPAC with no separate legal identity."

*See Pollak, et ano. v. Code Pink, et al.* Case No. 2:24-cv-06253-SVM-PVCx, Doc. 87 (emphasis supplied).

7. For all these reasons, the Proposed SAC fails to cure the fatal defects of the FAC and fails to state valid claims against, or validly assert personal jurisdiction over, WESPAC. Accordingly, granting Plaintiff leave to file the proposed draft SAC would be futile and prejudice WESPAC. WESPAC would suffer additional prejudice from the additional allegations mentioned above that magnify the SLAPP aspects of this case. Indications of undue delay, bad faith, and dilatory motive are also present, above and in the Rule 11 Motion(s) to be filed on January 27.

And if Counsel were to persist in their new alter-ego/integrated entity theory -- in this or another proposed amended pleading reviewed and signed by Plaintiff -- in the face of WESPAC's certification that no such integrated entity has ever existed, Plaintiff and his Counsel would even more clearly be acting in bad faith.

9. Accordingly, for all these reasons, WESPAC respectfully requests that the Court (1) strike Plaintiff's Counsel's Motion for Leave to file a non-final draft of a Proposed Second Amended Complaint not approved and executed by Plaintiff, (2) proceed to hear and determine Defendants' Motions to Dismiss Plaintiff's First Amended Complaint and their Motions for Sanctions under Rule 11, with briefing schedules approved or set by the Court, and (3) deny Plaintiff leave to file a Second Amended Complaint until those motions are heard and determined. Their resolution will in all likelihood establish that another motion for leave to file a final, executed Second Amended Complaint would be futile with respect to WESPAC and other Defendants, prejudicial to them, and filed in bad faith.

Dated:  January 24, 2025             HERBST LAW PLLC

/s/ *Robert L. Herbst*
Robert L. Herbst
rherbst@herbstlawny.com
420 Lexington Avenue, Suite 300
New York, New York 10170
Tel: 914-450-8163
Fax: 888-482-4676
Attorneys for Defendant
WESPAC Foundation, Inc.

**CERTIFICATE OF SERVICE**

I, Robert L. Herbst, an attorney, certify that I caused copies of the foregoing **DEFENDANT WESPAC FOUNDATION, INC.'S MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE** to be served on all counsel of record via the Court's electronic filing system.

      /s/ *Robert L. Herbst*
    *Attorney for WESPAC Foundation, Inc.*