Law Offices
## HERBST LAW PLLC

October 23, 2024

**BY EMAIL**

Neville S. Hedley
ned.hedley@hlli.org
Theodore H. Frank
ted.frank@hlli.org
M. Frank Bednarz
Frank.bednarz@hlli.org
Hamilton Lincoln Law Institute
1440 W. Taylor Street, #1487
Chicago, Illinois 60607

Max Schreiber
max.schreiber@hlli.org
Hamilton Lincoln Law Institute
5868 E. 71st Street, Suite E-709
Indianapolis, Indiana 46220

Re: <u>Manhart v. AJP Education Foundation Inc., et al., 24-cv-08209</u>
Notice of Intent to Move for Sanctions under Fed. R. Civ. P. 11

Dear Counsel:

     I write to provide notice of our intent to move for the imposition of sanctions against Plaintiff Christopher Manhart as well as your firms pursuant to Rule 11 if you do not withdraw forthwith Plaintiff's claims against Defendant WESPAC Foundation ("WESPAC").

     Fed. R. Civ. P. 11(b) provides, in pertinent part, that:

By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

(3)    the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

**420 Lexington Avenue, Suite 300 • New York, New York 10170**
**646-543-2354 • fax (888) 482-4676**

Law Offices
# HERBST LAW PLLC

      For the most part, Plaintiff's allegations against WESPAC are presented through impermissible group pleading, *i.e.*, allegations made against WESPAC as well as American Muslims for Palestine ("AMP"), National Students for Justice in Palestine ("NSJP"), and U.S. Campaign for Palestinian Rights ("USCPR"), without any attempt to identify which organization took what alleged action.

      In particular, Plaintiff claims that: (i) "Defendants AMP, NSJP USCPR, and WESPAC – through NSJP's opaque organizational structure-implemented the NSJP toolkit by planning, sponsoring, and then publicizing (during and after) large-scale barricades…This blockade strategy was only the beginning of Defendants NSJP, AMP, USCPR, and WESPAC's propaganda offensive on behalf of Hamas in the United States"; (ii) "Defendants NSJP, WESPAC, USCPR, and AMP started to organize disruptive activities beyond college campuses"; (iii) "Defendants AMP, NSJP, USCPR, and WESPAC were instrumental in coordinating the national A15 Action plan and the plan specific to the Chicago area"; (iv) "On information and belief, Defendants AMP, NSJP, USCPR, and WESPAC [] furthered the A15 Action plan with other Defendants and tortious actors involved in this litigation"; (v) "Dissenters – in addition to AMP, NSJP, USCPR, and WESPAC - was [sic] instrumental in identifying and justifying the key chokehold in the Chicago area for executing that specific A15 Action blockade"; (vi) "Defendants AMP, WESPAC, NSJP, JVP and Dissenters planned and/or advertised the blockade beforehand and amplified the tortious conduct via social media, where they proudly announced their participation." Complaint ¶¶ 44, 46, 54-56; 105; *see also id.* ¶¶ 107, 112, 114, 119-120, 124, 130, 136, 143, 149, 155 (making often repetitive assertions against WESPAC and other Defendants without distinction).

      Remarkably, you do not offer a single alleged fact that substantiates any of these inflammatory and false assertions made against WESPAC.  Indeed, you do not plead that anyone on behalf of WESPAC actually:

- Knew of any alleged "blockade strategy" or "disruptive activities beyond college campuses";

- Communicated with anyone about any alleged "blockade strategy" or "disruptive activities beyond college campuses";

- Called for anyone to participate in any alleged "blockade strategy" or "disruptive activities beyond college campuses";

- Knew of any alleged "national A15 Action plan and the plan specific to the Chicago area," including the alleged "key chokehold":

- Communicated with anyone about any alleged "national A15 Action plan and the plan specific to the Chicago area," including the alleged "key chokehold";

2

Law Offices<br>
**HERBST LAW PLLC**

- Called for anyone to participate in any alleged "national A15 Action plan and the plan specific to the Chicago area," including in relation to the alleged "key chokehold";

- Was anywhere near Chicago (or even in Illinois) at the relevant times;

- Made any statement via social media or otherwise in relation to the alleged "blockage"; or, in fact,

- Did *anything at all* relating to the alleged conduct at O'Hare International Airport.

The utter absence of substantiating allegations is fatal to your claims against WESPAC. And this is not just a matter of inattentive pleading. You did not offer any substantiating factual allegations for the simple reason that such allegations would be falsehoods, given that WESPAC had absolutely nothing to do with the alleged events.

We note further your uncontroversial allegation that WESPAC acted generally as a fiscal sponsor to NSJP. Complaint ¶ 17. Obviously, acting in this capacity is not itself actionable.

In short, having no good faith basis for alleging and continuing to allege any connection between WESPAC and the events at issue, and for alleging and continuing to allege that WESPAC violated the rights of Plaintiff and other putative class members, it is apparent that you have sued WESPAC for the improper purpose of harassing and punishing it for its activities in publicly petitioning and participating in support of pro-Palestinian advocacy.

For all these reasons and because there is no remotely legitimate basis to claim that personal jurisdiction may properly be exercised in this case (as addressed below), you are in violation of Rule 11 and are obligated to dismiss your claims against WESPAC immediately.

1. The Complaint Fails to State a Claim Against WESPAC

A district court must dismiss a claim if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (*citing Twombly*, 550 U.S. at 555). The Court need not accept as true conclusory legal allegations cast in the form of factual allegations. *See id*.

Your threadbare assertions against WESPAC, detailed above, consisting of conclusory assertions without any substantiating factual allegations, "do not suffice" to state a plausible claim under *Iqbal* and *Twombly*. You do not allege that anyone acting on behalf of WESPAC actually knew of the alleged blockade at O'Hare, helped plan it, was involved or participated in

3

Law Offices
**HERBST LAW PLLC**

it, or made comments on social media about it. Indeed, you cannot make a single allegation that any individual acting for WESPAC took *any* specific action in relation to the events at issue.

Obviously cognizant of the gross inadequacy of the Complaint as it relates to WESPAC, you grouped all of the relevant allegations against WESPAC with a number of other Defendants without making any attempt to specify which defendant supposedly did what. Allegations purporting to impose collective responsibility are inadequate. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("A contention that 'the defendants looted the corporation'—without any details about who did what—is inadequate. Liability is personal…The Rules of Civil Procedure set up a system of notice pleading. Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed. That is true even for allegations of conspiracy."); *Segerdahl Corp. v. Ferruzza*, 2019 U.S. Dist. LEXIS 492, at *16-17 (N.D. Ill. Jan. 2, 2019) (dismissing claim against defendants whose conduct had been alleged in group fashion). This complaint is a paradigm of impermissible group pleading.

Your case against WESPAC should be dismissed, now, before we continue to expend additional time and resources preparing our motion to dismiss. But, of course, the case never should have been brought. Rule 11 required you to make "reasonable inquiry" of the facts *before* suing WESPAC. It was your obligation to determine whether there was any reasonable basis to contend that anyone acting on WESPAC's behalf engaged in actionable conduct in relation to the alleged events at O'Hare, which plainly was not the case. You obviously made no inquiry as to these critical factual issues, given that you did not allege that anyone acting for WESPAC took wrongful actions. And as it happens, no one did.

2. The Complaint Fails to Allege a Factual or Legal Basis for Personal Jurisdiction over WESPAC

You also had no good-faith basis to sue WESPAC in Illinois. You do not offer a single allegation that would support the exercise of personal jurisdiction over WESPAC in this District. Rather, the only allegation offered relevant to the jurisdictional analysis is to the contrary, *i.e.*, WESPAC "is a New York corporation with its principal place of business in New York state." Complaint ¶ 17. Perhaps because there is no cogent argument to be made regarding the exercise of personal jurisdiction, the Complaint simply ignores the subject. That is a failing tactic because Plaintiff bears the burden of establishing that jurisdiction is proper. *E.g., Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392-393 (7th Cir 2019). Having alleged no relevant conduct by WESPAC, let alone the requisite "minimum contacts" with Illinois, there is nothing that could justify this Court's exercise of either general or specific personal jurisdiction over WESPAC. Accordingly, you should never have sued WESPAC here, and your doing so, and continuing to do so, violates Rule 11.

Law Offices
**HERBST LAW PLLC**

      For all these reasons, we respectfully submit that you are in violation of Rule 11 and obligated to dismiss your case against WESPAC forthwith. We reserve all rights and remedies.[1]

                                           Very truly yours,

                                           /s/ Robert L. Herbst

                                           Robert L. Herbst
                                           *Attorney for Defendant WESPAC*

---

[1] We reserve the right also to seek sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."), and against counsel and Plaintiffs themselves pursuant to the Court's inherent authority. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962)) (Courts may impose sanctions based on their inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").