# EXHIBIT 1

 Cited
As of: January 25, 2025 12:21 AM Z

# ROBINSON v. MILLER

Appellate Court of Illinois Fourth District

May 14, 1985

No. 4-84-0611

**Reporter**
1985 Ill. App. LEXIS 2179 *

FLOYD S. ROBINSON and NELLIE L. ROBINSON, Plaintiffs-Appellants, v. TONY MILLER, STEVEN P. WADDELL and MARY CURTIS, Defendant-Appellees

**Prior History:** [*1] Appeal from Circuit Court County of Schuyler No. 83L4

Carson D. Klitz, Judge Presiding.

**Disposition:** We reversed and remand.

## Core Terms

summary judgment, false imprisonment, depositions, retreat, chain, blocked, trailer, trial court, patient

## Case Summary

**Procedural Posture**
Plaintiffs, a property owner and her husband, appealed from an order of the Circuit Court of Schuyler County (Illinois), which granted summary judgment in favor of defendants, an adjacent property owner, his sister, and a local road commissioner, in plaintiffs' action for false imprisonment. All defendants answered, and the adjacent property owner and his sister also filed a counterclaim.

**Overview**
The dispute involved plaintiffs' right to use a road to access the property owner's wooded land which plaintiffs used as a weekend retreat. The adjacent property owner claimed that the road was private and that plaintiffs had no right to use it. Township officials advised plaintiffs that the road was a township road and that access should not be blocked. They so notified the adjacent property owner. He later caused the road to be blocked with a locked chain and a farm wagon. A neighbor told plaintiffs a town meeting had been called to address the road. After the meeting, the local road commissioner assisted the husband in removing the obstructions. However, the adjacent property owner's sister blocked the road with a pickup truck. Defendants argued that plaintiffs' confinement to the retreat was ephemeral because the husband admitted he left on a day when the road was blocked. The court reversed the summary judgment, holding that the evidence, viewed in the light most favorable to plaintiffs, showed that a question of material fact remained as to the reasonableness of their belief that they were unlawfully restrained to their premises. The court reversed and remanded for trial.

**Outcome**
The court reversed the summary judgment entered by the circuit court and remanded for a trial on the merits of plaintiffs' false imprisonment claim.

## LexisNexis® Headnotes

Criminal Law & Procedure > ... > Crimes Against Persons > False Imprisonment > General Overview

Torts > Intentional Torts > False Imprisonment > General Overview

*HN1*[ ] **Crimes Against Persons, False Imprisonment**

False imprisonment consists of the unlawful restraint against his will of an individual's personal liberty or ***freedom of locomotion***.

Civil Procedure > Appeals > Appellate Briefs

Torts > Intentional Torts > False

Imprisonment > General Overview

Civil Procedure > Appeals > Reviewability of Lower Court Decisions > Preservation for Review

**HN2[ ] Appeals, Appellate Briefs**

An argument made in an appellate brief without citation to authority is ordinarily deemed waived pursuant to Ill. Sup. Ct. R. 341(e).

Civil Procedure > Judgments > Summary Judgment > Evidentiary Considerations

Civil Procedure > ... > Summary Judgment > Opposing Materials > General Overview

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > General Overview

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Materiality of Facts

**HN3[ ] Summary Judgment, Evidentiary Considerations**

On a motion for summary judgment, the evidence must be viewed in the light most favorable to the party opposing the motion.

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Materiality of Facts

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > General Overview

**HN4[ ] Entitlement as Matter of Law, Materiality of Facts**

Summary judgment is appropriately granted only where there is no question of material fact.

**Counsel:** FOR APPELLANT: Doane G. Trone, Attorney at Law, 114 North Congress Street, P.O. Box 110, Rushville, Illinois 62681, Robert E.L. Trone

FOR APPELLEE: Gayle Tronvig Carper, Lucie, Heiser & Slater, Attorneys at Law, 315 e. Jackson, Macomb, Illinois 61455

Michael F. McClain, Awerkamp & McClain, P.C., Attorneys at Law, 701 Broadway, Quincy, Illinois 62301

**Judges:** Before: Richard Mills; John T. McCulloush; Frederick S. Green, Justices.

**Opinion by:** MILLS

## Opinion

JUSTICE MILLS delivered the order of the court:

False imprisonment.

Summary judgment.

We reverse and remand.

Floyd and Nellie Robinson appeal from an order granting summary judgment to several defendants, all of whom had been sued for the tort of false imprisonment.

The facts are contained in numerous depositions. since they are well known to the parties, they will not be repeated at length but will be given briefly--though thoroughly--since factual disputes bear directly on decisions about summary judgments.

The underlying dispute concerns access to 30 acres of wooded land which was purchased by **[*2]** Nellie Robinson and Doris Hults as a weekend retreat. Two mobile homes were placed on the property which was accessed by a single dirt road.

Tony Miller, one of the defendants, owns real estate adjacent to the retreat. On September 26, 1982, Miller telephoned Nellie and told her that he had had an argument with Mike Hults, Nellie's nephew. Miller said he was going to put a chain across the access road prevent the Hultses form going to the retreat although he would mail a key to the Robinsons. Nellie said that she was of the opinion the road was the property of the township, an assertion Miller denied.

On October 7, 1982, the Robinsons came to the retreat and were let through a chain which was across the road. Miller came to the trailer and told the Robinsons that a friend of his who was well versed in legal matters had checked into the nature of the road and was of the

opinion that it was private and belonged to Miller. The Robinsons told Miller that they had checked at the courthouse in Rushville and had been informed that the road was owned and maintained by the local township. Miller reiterated his belief that access to the retreat was subject to his restrictions and that the **[*3]** access was going to be restricted until Mike Hults apologized.

In November of 1982, Mike Hults came to the retreat and found the chain up again. He had no key so he cut the chain and threw it aside. following this event, the Robinsons and the Hultses contacted township officials again and were told that the road was public and should not be obstructed. The Robinsons sent Miller the key to the lock, telling him of their belief that the road was public and should not be blocked.

In August of 1983, Nellie Robinson bought Doris Hults' share of the property. The Robinsons contacted Mike Hults who issued a formal apology to Tony Miller. On May 12, 1983, the Robinsons entered the retreat on the road which was not obstructed. ON May 14, 1983, a neighbor came to their trailer and asked them if they knew they were locked in again. They went down to the road and found the chain up and a farm wagon blocking the road. The neighbor told them that a town meeting had been called, the subject matter of which was the road. Floyd Robinson and his son left the premises with the neighbor and attended the meeting. Nellie Robinson returned to the trailer.

After the town meeting, Steven Waddell, a local **[*4]** road commissioner, came and took down the chain. He and Floyd pushed the farm wagon out of the road. When the commissioner left, Tony Miller's sister drove a pickup truck across the road saying, "Tony says no!" She later came to the mobile home and said Tony had told her to let them out.

Later, a neighbor can to the trailer and told the Robinsons that Tony Miller wanted to talk to them. he came tot he trailer and told them that once they left they were not going to use his road anymore. They replied it was a township road.

This action was commenced June 13, 1983, by the Robinsons filing a complaint for false imprisonment. Tony Miller and Mary Curtis answered by counterclaim and affirmative defense. Steven Waddell also answered. Numerous motions and cross-motions for summary judgment were filed and a hearing was had March 26, 1984. The discovery depositions of Floyd and Nellie Robinson were placed on the bench. The court, in remarks, indicated that it had considered abbreviated depositions offered by defendants' attorneys. It then found that while

> *HN1*[↑] "'False Imprisonment consists in the unlawful restraint against his will of an individual's personal liberty or ***freedom of locomotion***' **[*5]** * * * based on what has been presented, I find no doubt in my mind that the plaintiffs were *inconvenienced*, but I cannot in good conscience find that they were restrained, and in the absence of a restraint, I must find that the Motion for Summary Judgment must be must be granted."

On April 17, 1984, the Robinsons filed a motion to vacate the summary judgment alleging that the decision had been based on partial statements taken from their depositions. A hearing was then held on this matter. The defendants relied on principles of waiver, arguing that while the motions for summary judgment should have been placed before the court with the full depositions incorporated, the Robinsons failed to object to the procedure adopted and therefore waived any objections to the motions being considered with only abstracts of the depositions attached. Following this argument, the court indicated that it did not remember whether the Robinsons objected at the appropriate time or not and therefore the court instructed the court reporter to review the transcript and inform the court of its contents.

On June 1, 1984, the court entered an order vacating the prior summary judgment. In the order, **[*6]** plaintiffs of the Robinsons. This was done and the court thereafter reinstated the prior order of summary judgment on August 9, 1984.

In this appeal, the first issue raised by plaintiffs is whether the trial court committed reversible error by not taking a continuance at the March 26, 1984, hearing rather than making a ruling based on the abbreviated depositions. As the foregoing discussion makes clear, the court vacated its first order and reviewed the depositions in their entirety before reinstating the summary judgment. Under these circumstances, the Robinsons can complain of no prejudice since the ultimate decision was reached upon a proper consideration of all the evidence.

The real gist of the Robinsons' main brief is that while the court properly defined false imprisonment, the court improperly decided a factual matter adversely to them, whereas before an order granting summary judgment may be entered, it must be determined that no factual

disputes exist and one party is entitled to judgment as a matter of law. (We note that *HN2*[🔼] this argument is made without citation to authority and would ordinarily find it waived pursuant to *Supreme Court Rule 341(e)* (87 Ill. 2d R. 341(e)) were **[*7]** it not for a case presented to us in the Robinsons' reply brief.)

In *Marcus v. Liebman (1978), 59 Ill. App. 3d 337, 375 N.E.2d 486*, the court was faced with a suit brought by a patient in a mental hospital. The suit alleged false imprisonment against a psychiatrist The patient testified that on her fourth day at the hospital she informed the psychiatrist that she wanted to sign a release paper which would have mandated her release within five days of execution. She received and sign the form. Several days later the doctor told her to rescind the request. The patient testified that the doctor threatened that unless she rescinded the request she would be committed to a state hospital. The patient relented. She admitted that while a patient she took numerous trips outside the hospital and was released approximately one month following her original confinement.

Based on these facts, the trial court directed a verdict for the doctor. On appeal, the appellate court reversed, finding that a question of fact had been raised in that there was a question whether or not plaintiff's submission to a threatened force was reasonable. The court was of the view that even though plaintiff admittedly **[*8]** left the hospital during her stay, this was simply evidence going to a determination of the reasonableness of her apprehension of force if she did not remain under the control of the doctor.

Turning to the case *sub judice*, the main response offered by defendants here is that their confinement to the retreat was ephemeral since Floyd Robinson admittedly left on a day when the road was blocked. While we are of the opinion that such a fact may well bear on the reasonableness of his belief that he was being confined against his will by an unlawful restraint, we hold that *HN3*[🔼] the evidence -- viewed as it must be in the light most favorable to the party opposing the motion for summary judgment -- shows that a question of material fact is extant. We also find defendants' arguments concerning the availability of a key to the lock on the chain unavailing, since there was evidence that Tony Miller's sister blocked the road by driving a pickup truck across it, only later coming to the trailer to inform the Robinsons that Tony had told her to let them go.

Since *HN4*[🔼] summary judgment is appropriately granted only where there is no question of material fact, and here there is a question of material **[*9]** fact undecided--that being the reasonableness of the Robinsons' belief that they were being restrained to their premises by an unlawful restraint--the order of the trial court is reversed and the cause remanded for a trial on the merits.

Reversed and remanded.

GREEN, P.J., dissents; McCULLOUGH, J., concurs.

**Dissent by:** GREEN

## Dissent

PRESIDING JUSTICE GREEN, dissenting:

I dissent from the decision of the majority to reverse the summary judgment granted to defendants.

The documents properly before the trial court showed conclusively that the most that defendants could have done to confine plaintiffs was to place a chain across road from plaintiffs' property and thereby block vehicular traffic from property. Although no Illinois cases speak to the question of whether blocking vehicular traffic along a public road constitutes false imprisonment, I conclude that it does not. See *Restatement (Second) of Torts § 36 comment d*, at 56 (1965); Prosser & Keeton, The Law of Torts § 11, at 47 (5th ed. 1984).

The trial court properly determined, as a matter of law, that plaintiffs were inconvenienced but not falsely imprisoned. I agree with that decision and would affirm the summary judgment for **[*10]** defendants.

**End of Document**