IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANHART, individually and behalf of all others situated, <br><br> Plaintiffs, <br> v. <br><br> NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, *et al.* <br><br> Defendants. | Case No. 24:cv8209 <br><br> Honorable Mary M. Rowland |

**DEFENDANTS JINAN CHEHADE, RIFQA FALANEH, SUPERIOR MURPHY, SIMONE TUCKER AND DISSENTERS' REPLY IN SUPPORT OF THEIR MOTION FOR SANCTIONS**

Defendants Jinan Chehade, Rifqa Falaneh, Superior Murphy and Simone Tucker ("Individual Defendants") and Dissenters, by and through their undersigned counsel, respectfully submit this reply in support of their motion for sanctions against Plaintiff Christopher Manhart ("Plaintiff").

Plaintiff's response (ECF 92) to Defendants' motion for sanctions (ECF 76) does not address the well-established case law that warrants Plaintiff's complaint legally untenable. Rather, Plaintiff continues to press irrelevant and unsubstantiated allegations purporting to describe what Plaintiff deems a conspiracy with international organizations to coordinate protests across the nation and harm him specifically. In doing so, Plaintiff misrepresents the exhibits attached to his Complaint and the applicable law. Plaintiff's response serves only to

1

underscore his true, but improper, purpose for filing this lawsuit and the invalidity of his claims.

**PLAINTIFF FAILED TO PROVIDE LEGAL SUPPORT FOR HIS CLAIMS**

Plaintiff's Second Amended Complaint (SAC) (ECF 69) is his third attempt to craft viable claims against the Defendants. Plaintiff filed the SAC on January 29, 2025, after being served with these Defendants' Rule 11 motion on January 6, 2025, and motions or notices from all the remaining Defendants of their intentions to seek sanctions. Defendants' motion for sanctions was filed February 25, 2025. (ECF 76) Despite ample notice of the legal invalidity of his claims, Plaintiff insisted on pursuing the litigation, ignoring established law invalidating his claims.

<u>Plaintiff's False Imprisonment Claim</u>

In support of his claim for false imprisonment based on a blocked roadway, Plaintiff's response cites to a singular case – *Robinson v. Miller*, 494 N.E.2d 962 (Table) (Ill. App. Ct. 1985), a 40-year-old, non-precedential, unpublished case which, under Illinois Supreme Court Rule 23(e), "may not be cited by any party except to support contentions of double jeopardy, res judicata, collateral estoppel or law of the case." Plaintiff incorrectly argues that this one-off, uncitable case "supersedes" the Restatement of Torts. The Restatement explicitly precludes a claim for false imprisonment based on traffic obstruction and vehicle impoundment as do the many cases affirming and following the Restatement, including in this Court. *Marcano v. Nw. Chrysler-Plymouth Sales, Inc.*, 550 F. Supp. 595, 602–03 (N.D. Ill. 1982). As noted in *Marcano*, "[i]n order for a false imprisonment to be present, there must be

an actual or legal intent to restrain." *Id.* at 603. The court specifically rejected the theory advanced by Plaintiff here: the choice to remain with a person's belongings and vehicle may be justified, but such a choice does not rise to the level of involuntary imprisonment, particularly when a person can choose to leave and is free to do so. *Id.* This and other cases were cited in Plaintiff's motion for sanctions.

In his response, Plaintiff not only persists in the legally invalid claim, but falsely argues to this Court that law supports his false imprisonment claim. In doing so, Plaintiff compounds the Rule 11 violation for the filing of the lawsuit with misrepresentations to the Court. Plaintiff insists that he had no reasonable means of escape despite case law directly rejecting the theory he relies on, i.e. that he did not want to abandon his vehicle.

The other cases Plaintiff cites support Defendants' motion for sanctions. In *Teamsters Local No. 579 v. B&M Transit, Inc.*, 882 F.2d 274, 280 (7th Cir. 1989), the Seventh Circuit approved the district court's imposition of sanctions of the defendant company and its counsel "for misstatements of law and fact and did not rely on evidence of the Company's bad faith (although the record indicates that there was some of that too)." *Id.*, 882 F.2d at 279. Here, Plaintiff's primary argument in response to the sanctions motion is his subjective insistence that he believes he has a valid claim. This argument fails to address the misstatement of the law and facts that Defendants described in their motion. Essentially Plaintiff tells the court that he would never bring a frivolous claim, so this is not a frivolous claim. While a lack of bad faith may have some bearing on a court's consideration of

3

sanctions where there is a mistake, it does not save a plaintiff when he ignores the plain, settled law and fabricates insulting and outlandish facts in a filing. That is what Plaintiff has done here with the SAC, and he makes no effort to address the established case law regarding the false imprisonment claim in his response.

Plaintiff's "Common-Law Claim"

As for Plaintiff's claims that his restyled common-law claim for "foreseeable injury caused by intentional breach of duty" based on violating 625 ILCS § 5/11-1416 (Illinois traffic law), Plaintiff supplies **no case law** to support this claim in his response. He simply refers the Court to his omnibus response to the motion to dismiss.

The significance of this claim in the context of the sanctions analysis is Plaintiff's ever-evolving styling and theory for this claim in the three iterations of the complaint. Plaintiff contorts and misrepresents cases for the premise that a violation of the Illinois Vehicle Code gives rise to what is essentially a false imprisonment claim under another name. The Vehicle Code does not aim to prevent the false imprisonment of drivers on the highway. Plaintiff's common-law claim is simply an attempt to find an end-run around the clear invalidity of his false imprisonment claim. As argued by Defendant Jewish Voice for Peace in its reply for the Defendants' motion to dismiss (ECF 94), Illinois courts have held that "statutes seeking to secure the enjoyment of rights to which individuals are entitled as members of the public, such as ordinances relating to the public right of an unobstructed passage on a public highway," are not public safety measures that can

4

form the basis of a tort claim brought by an individual. *Nichols by Nichols v. Sitko*, 510 N.E.2d 971, 974, (Ill. App. Ct. 1987) (*citing* Restatement (Second) of Torts § 288, Comment b, Illustration 1 (1965)). Plaintiff has concocted a claim where none exists as part of his strategy to repress protests that impede or block traffic.

Plaintiff's counsel seeks to be a vigilante by bringing lawsuits on behalf of private citizens even though the state law already provides for enforcement of traffic laws, including obstruction of traffic. He says as much in his declaration: "I have noted the public-policy problem of prosecutors and law enforcement refusing to act aggressively against illegal 'direct actions' and road blockades that imposed costs and pain upon regular law-abiding citizens." ECF 92-1, ¶ 16. Plaintiff also cites 18 U.S.C. § 241 (providing for criminal prosecution for deprivation of the free exercise or enjoyment of any right or privilege secured by the Constitution or federal law) and *United States v. Guest*, 383 U.S. 745 (1966) (interpreting said statute) in his argument for this same proposition. But just because conduct may be subject to criminal enforcement under state or federal law that does not give Plaintiff an avenue to sue when he feels the government is not enforcing the law to his satisfaction. See *Pawelek v. Paramount Studios Corp.*, 571 F. Supp. 1082, 1083 (N.D. Ill. 1983) ("[I]t is well settled no private right of action inheres in those criminal provisions [18 U.S.C. §§ 241, 242]." (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980) (per curiam); *Weiland v. Byrne*, 392 F.Supp. 21, 22 (N.D.Ill.1975)). Plaintiff's argument on this front only evidences the improper purpose of this lawsuit and basis for sanctions.

Improper Purpose

Plaintiff's focus on whether traffic blockades are protected First Amendment activity is a red herring and reveal the true purpose of this litigation, i.e. to suppress Defendants' and others' objections to the United States' support of Israel's ongoing and illegal attack on Palestinians. Plaintiff's professed mission to redress alleged harms caused by traffic blockades does not transform his untenable claims into legitimate causes of action. Illinois law already prohibits and criminalizes obstruction of traffic. Plaintiff's dissatisfaction with the prosecution of direct actions that interfere with vehicle traffic does not grant him the cloak of attorney general at large. Quite simply, Plaintiff has not suffered a legally cognizable injury and there is no applicable tort that he can allege Defendants committed. Plaintiff seeks only to bully and bankrupt individuals and organizations whose beliefs he disputes.

Plaintiff's response to the motion for sanctions only reinforces Defendants' assertion that this lawsuit was filed for the improper purpose of silencing and harassing Defendants for their support of Palestinian sovereignty and objection to Israel's US-funded illegal and inhumane attack on the Palestinian people. And Plaintiff's counsel's declaration and response briefs further expose the improper purpose for his lawsuit. (ECF 92-1, ¶23) ("[W]hat [protesters] don't have the right to do is break the law and block roads."); (ECF 91, p. 7) ("This suit seeks redress against this civil terrorism where local prosecutors have refused to act to protect innocent civilians.").

6

## PLAINTIFF MISREPRESENTS APPLICABLE LAW AND MAKES FALSE ACCUSATIONS

In his response, Plaintiff argues that his cited cases support his position. They do the opposite. He asserts facts and makes statements that are clearly false. This rewriting of history is sanctionable. "Rule 11 also prohibits a party from rewriting the factual record to reflect what it thinks should have occurred." *Teamsters Loc. No. 579*, 882 F.2d at 280.

Plaintiff falsely accuses Defendants of ignoring the *Robinson* case by filing motions for sanctions. Plaintiff's argument that this case provides for the legal validity of his false imprisonment claim flies in the face of basic lawyering. It is Plaintiff who is ignoring the ample case law cited by Defendants with his insistence on pursuing non-existent claims, even in the face of multiple motions for sanctions. The cases Plaintiff cites in his response brief undermine his position and support Defendants' motion.

For example, Plaintiff cites *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013), a case in which the Seventh Circuit affirmed the district court's decision to not impose sanctions against a *pro se* plaintiff. Plaintiff here is represented by very experienced counsel, according to counsel's affidavit, so the comparison is inapt. Furthermore, the Seventh Circuit only found that the district court did not abuse its discretion in not awarding attorney's fees under Rule 11 or 42 U.S.C. 1983's fee-shifting provision, but noted "that we might have reached a different conclusion than the district court," and the Court did impose sanctions for the Plaintiff's frivolous appeal pursuant to Fed.R.App.P. 38. *Id.*, at 522-23.

7

This is highly relevant in the context of this motion. Plaintiff's response to the sanctions motion perpetuates the meritless and improper filing commenced with the SAC. Plaintiff is essentially arguing that one obscure case (*Robinson*) allows for his novel legal theory in this case and, therefore, he is safe from sanctions. That is simply untrue, as the Seventh Circuit explains, in a case cited by Plaintiff in his response:

> That is, Rule 11 no less than common law recognizes the doctrine of *res ipsa loquitur*. A lawyer who founds his suit on *Plessy v. Ferguson*, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256 (1896), has revealed all we need to know about the reasonableness of the pre-filing inquiry. *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1080–82 (7th Cir.1987). If the legal point is obscure, though, even an absurd argument may not be sanctionable, because a "reasonable" inquiry does not turn up every dusty statute and precedent. *Elefant*, 790 F.2d at 667.

*Mars Steel Corp.*, 880 F.2d at 932. Plaintiff's claims and the applicable case law are not obscure or buried in dusty statutes and precedent. Plaintiff ignores the plethora of current, on-point case law in persisting in his claims against Defendants, not only committing an objectively unreasonable pre-filing inquiry, but actively sticking his head in the sand to avoid the frivolity of his claims.

Plaintiff's attacks on the Defendants and their counsel have no basis and are highly improper; rather Plaintiff's accusations apply to the very conduct he is perpetrating – this legal gaslighting is sanctionable in itself. Plaintiff disparages counsel for CJE and counsel for these Defendants; he references wholly irrelevant commentary about Defendants' counsel's representation of the Defendants (ECF 76, p.11), and accuses CJE's counsel of doing something inappropriate by ignoring irrelevant federal criminal statutes (ECF 91, p. 49, FN 12).

8

Defendants described Plaintiff's inflammatory and improper allegations in their motion and do not need to repeat them here. However, it's noteworthy that Plaintiff's counsel, in his declaration, doubles-down on the irrelevant and charged language rather than retreating from it. For example, Plaintiff devotes an entire paragraph to calling Hamas "barbarians" (ECF 92-1, ¶22) and his latest fillings continue to insist that Defendants are in a conspiracy with Hamas. (ECF 92, p. 8; ECF 91, p. 3) While continuing to focus on Defendants' speech, alleged ties to Hamas, and citing an article that describes activists as engaging in "civil terrorism" (ECF 91, p. 19), Plaintiff incredulously argues "Defendants have not been singled out for any perceived pro-Hamas message." (ECF 92, p. 11)

**PLAINTIFF'S DECLARATION DOES NOT ESTABLISH GOOD FAITH**

Plaintiff attaches a lengthy declaration to his response describing attorney Theodore Franks' purported intentions, wholly subjective beliefs, and personal situation. Nothing in the declaration addresses Plaintiff's lack of legal authority for the claims against Defendants or unsupported factual allegations regarding Defendants' ties to a widespread international conspiracy. Plaintiff's counsel's personal journey to filing the lawsuit only underscores the purpose of this lawsuit – to harass and intimidate Defendants based on their politics. Indeed, this lawsuit is clearly the brainchild and personal passion of Plaintiff's counsel: "I kept the idea of litigation against anti-social road blockades in the back of my head." (ECF 92-1, ¶ 18)

Furthermore, Plaintiff's counsel's subjective belief that he deems his lawsuit well-founded does not alleviate him of the duty to perform a reasonable investigation nor does it provide sanctuary from sanctions. Rule 11's duty to investigate the law and facts is an objective requirement. "This objective component is the big change in the 1983 amendment to Rule 11. 'An empty head but a pure heart is no defense.' The Rule requires counsel to read and consider before litigating." *Mars Steel Corp.*, 880 F.2d at 932. Thus, Plaintiff's counsel's declarations that "[he] hate[s] losing" and that"[l]osing keeps him up at night" (ECF 92-1, ¶8), and that "[he] thus ha[s] absolutely zero desire or interest or incentive to spend a single moment of [his] dwindling time on this planet on a losing case, much less a frivolous one," (ECF 92-1, ¶14) do not establish that Plaintiff or his counsel performed the necessary pre-filing investigation into the validity of the claims and facts in the SAC.

## CONCLUSION

As Defendants argued in their motion for sanctions, "Plaintiff violates the core purpose of Rule 11—to deter litigants from filing **baseless claims** in federal court for **improper purposes**." For the foregoing reasons, Defendants Jinan Chehade, Rifqa Falaneh, Superior Murphy, Simone Tucker, and Dissenters respectfully request that this Court enter an order sanctioning Plaintiff Christopher Manhart and counsel and awarding attorney's fees and costs, and order any other additional measures the Court deems appropriate.

Dated: April 28, 2025                                  Respectfully,

*s/Sheila A. Bedi*                                     *s/Amanda S. Yarusso*
Sheila A. Bedi                                         Amanda S. Yarusso
Roderick Macarthur Justice Center                      1180 N. Milwaukee Ave.
375 E. Chicago Ave.                                    Chicago, IL 60642
Chicago, IL 60611                                      (773) 510-6198
(312) 503-2492                                         amanda.yarusso@gmail.com
sheila.bedi@law.northwestern.edu                       *Attorney for Defendants Jinan Chehade,*
*Attorney for Defendants Jinan Chehade,*               *Rifqa Falaneh, Superior Murphy, and*
*Rifqa Falaneh, Superior Murphy,*                      *Simone Tucker*
*Simone Tucker and Dissenters*

*s/M. Porter*
M. Porter
PO Box 330059
Brooklyn, NY 11233
(872) 246-3379
port.cjm@gmail.com
*Attorney for Defendants Jinan Chehade,*
*Rifqa Falaneh, Superior Murphy,*
*Simone Tucker and Dissenters*