IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANHART, individually and behalf of all others situated,<br><br>        Plaintiffs,<br>v.<br><br>NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, *et al.*<br><br>        Defendants. | Case No. 24:cv8209<br><br>Honorable Mary M. Rowland |

**DISSENTERS, JEWISH VOICE FOR PEACE, WESPAC FOUNDATION, AND INDIVIDUAL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE ALLEGATIONS FROM SECOND AMENDED COMPLAINT**

Defendants Dissenters, Jewish Voice for Peace, WESPAC Foundation, Jinan Chehade, Superior Murphy, Rifqa Falaneh, and Simone Tucker by and through their undersigned counsel, file this Reply in Support of their Motion to Strike:

**INTRODUCTION**

Plaintiff's Second Amended Complaint alleges as fact Plaintiff's opinions about the history of Israel and Palestine, political theory, and geopolitics. Because these allegations have no bearing on any alleged violations of tort law, Defendants filed a Motion to Strike. *See* ECF. 77. Plaintiff's opposition brief doubles down on

1

irrelevant, sanctionable[1] factual assertions included to disparage and silence both Defendants and undersigned counsel. For example, Plaintiff's opposition brief asserts that "all defendants have demanded that Israel not be allowed to remove Hamas from power" ECF. 90 at 2, and that they "celebrate the murder and kidnapping of Jews, Arabs, and foreigners" *Id.* at 4. The Plaintiff's brief continues its wildly inappropriate campaign against undersigned counsel and her employer *Id.* Plaintiff also critiques one Defendant for filing "meritless federal litigation" wholly unrelated to this matter against her former employer, *Id.* at 5, and furthers the baseless claim that the Defendants support the massacre of Jews, *Id.* at 6. Finally, despite the absence of any factual basis or related legal claims in Plaintiff's complaint, the opposition brief asserts a "nexus" between the Defendants, Hamas, and Iran. *Id.* at 8. Plaintiff persists in introducing these false, inflammatory allegations into this litigation—even though he himself admits that they are not "actionable."[2]

      Plaintiff's opposition brief is long on the same scandalous assertions that doom the Second Amended Complaint, but short on legal argument. Not surprisingly, Plaintiff cites no case law suggesting that personal attacks and historical commentary have any bearing on torts allegedly committed in Illinois in 2024. Because Plaintiff's allegations about geopolitical matters will serve only to

---

[1] *See* Individual Defendants and Dissenters' Motion for Sanctions, ECF. 76 at 1 ( . . .[T]he plain text of the complaint attempts to frame Defendants' advocacy as terrorism. With these acts, Plaintiff violates the core purpose of Rule 11—to deter litigants from filing baseless claims in federal court for improper purposes.").
[2] See Manhart Opposition to Motions to Dismiss, at 16 fn. 4, ECF. 69. ("Manhart's claim isn't that Defendants' support of Hamas is actionable. It's the *conduct* that is targeted.").

prolong and complicate this lawsuit, this Court should grant Defendants' Motion to Strike certain allegations from Plaintiff's Complaint pursuant to Fed. R.Civ.P.12(f). *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (Courts should grant a motion to strike requesting removal of unnecessary clutter when doing so would expedite a case.)

### I. Plaintiff's Inflammatory Insults Do Not Belong in a Federal Complaint (¶¶2, 5, 13, 18, 26, 28, 37, 40, 43, 63, 72)

Plaintiff asserts that he has free reign to insult and level inflammatory accusations at the Defendants and their counsel because their pro-Palestinian advocacy has not abated since the filing of this lawsuit. ECF. 90 at 3-6. Plaintiff also conflates the Defendants' argument that Plaintiff's inflammatory allegations create a risk of harm with a request to proceed in this matter anonymously. *Id.* at 4-5. No Defendant has made such a request. And Defendants' ongoing advocacy in support of Palestine does not empower Plaintiff to hurl insulting and inflammatory allegations at them (and their counsel). *Id.*

Plaintiff has not cited even one case in support of his argument that he is free to insult the Defendants because this litigation has not yet silenced them. *Id.* at 5. That's because none exists. In contrast, courts routinely strike allegations far less insulting and inflammatory than those proffered by the Plaintiff here. *See Claybon v. SSC Westchester Operating Co. LLC*, No. 20-CV-04507, 2021 WL 1222803, at *6 (N.D. Ill. Apr. 1, 2021) (striking irrelevant allegations that were included only to "stir emotions"); *Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 68 (E.D.N.Y. 2011) (striking irrelevant allegations used to demonstrate a propensity

3

for misconduct involving non-parties); *Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1062 (C.D. Cal. 2017) ("Matters are "scandalous" if they "cast a cruelly derogatory light on a party or other person."*); Jenkins v. City of Las Vegas*, 333 F.R.D. 544, 549 (D.N.M. 2019) (striking allegations that degraded defendants' moral character, contained repulsive language, and detracted from the dignity of the court); *Giuliani v. Polysciences, Inc.*, 275 F. Supp. 3d 564, 574 (E.D. Pa. 2017) (striking allegations that "would do nothing more than prejudicially paint defendant as a generally discriminatory and morally deficient employer.").

### II. Plaintiff's Challenged Allegations Provide no Context Related to his Tort Claims and Unduly Prejudice the Defendants and Burden this Court (¶¶22-37, 53-55)

Plaintiff next argues that his allegations regarding Hamas, Iran, and geopolitical issues provide "context" for his state tort claims. *See* ECF. 90 at 6. Yet, Plaintiff fails to explain how so. *See* ECF. 69 at ¶¶22-39, 53-55. Nor does Plaintiff explain how his assertions about Hamas' preferred propaganda strategy relate to Defendants' actions here.

Further, Plaintiff's cited authorities offer his position no support and only bolster Defendants' Motion. For example, Plaintiff relies on *Brown v. ABM Indus., Inc.*, No. 15 C 6729, 2015 WL 7731946, at *6 (N.D. Ill. Dec. 1, 2015), for the assertion that courts refuse to strike allegations that provide "context" to Plaintiff's complaint. But *Brown* does not save Plaintiff's immaterial and inflammatory allegations, which have no connection to his legal claims. In *Brown*, Plaintiffs filed

4

a putative class action alleging violations of the Fair Labor Standards Act and related state laws. While the court allowed allegations concerning the defendant's policies and practices, it struck allegations about "the minutiae of similar lawsuits" as "unnecessary clutter." 2015 WL 7731946, at *6. The allegations surviving in *Brown* bore directly on the defendant's conduct; Plaintiff's allegations here, by contrast, are a calculated effort to inflame by dragging in foreign governments and third parties irrelevant to any claim. This unnecessary clutter serves only to over-complicate this lawsuit and is designed to lead to a fishing expedition if the case were allowed to proceed to discovery, as Plaintiff makes plain in his Response. *See* ECF. 90 at p. 6, 8.

Similarly, in *Geary v. Maryville Acad.*, No. 12 C 1720, 2012 WL 2129228, (N.D. Ill. June 12, 2012), Plaintiff alleged employment related violations of the Americans with Disabilities Act and related laws. Defendant moved to strike a factual finding by the Illinois Department of Employment Security (IDES) concerning Plaintiff's disability. The court refused, holding that the IDES finding was tied to the "events surrounding [Plaintiff's] termination." *Id.* at *2. Defendants cannot plausibly argue that the history of the Israeli state or the tactics of Hamas or Iran compare. *Geary* is therefore no bar to Defendants' Motion to Strike.

Further, the allegations at issue in *Brown* and *Geary* could proceed without imposing additional burdens on the parties or the Court—because these allegations were legitimately interwoven with the operable facts of those cases and involved the actions of the parties. Not so with the challenged allegations here—despite

5

Plaintiff's contradictory allegations to the contrary. Plaintiff first argues that the challenged allegations "will not delay the litigation" or require the Court to resolve "thorny geopolitical questions." *See* ECF. 90 at 7. He then contradicts himself by asserting a right to take discovery about the preferred propaganda strategies of Hamas, Iran, and the Iranian Republican Guard Corp. *See Id.* at 7, 9 (Plaintiff intends to explore through discovery and present at trial evidence regarding the "ties between the Defendants and any foreign influence."). Such discovery would place an untenable burden on this Court and the Parties—and is entirely unrelated to Plaintiff's tort claims. Courts routinely grant Motions to Strike when allegations create such a burdensome result. "Prejudice results when the [challenged allegation] is so lengthy and complex that it places an undue burden on the responding party." *VPHI, Inc. v. Nat'l Educ. Training Grp., Inc.*, No. 94 C 5559, 1995 WL 51405, at *3 (N.D. Ill. Jan. 20, 1995); *J & J Sports Prods., Inc. v. Luhn*, Civ. No. 2:10-3229 JAM-CKD, 2011 WL 5040709, at *1 (E.D. Cal. Oct. 24, 2011) ("[Courts may find prejudice] where a party may be required to engage in burdensome discovery around frivolous matters.").

Plaintiff argues that Defendants could simply admit or deny the challenged allegations, and therefore these allegations do not prejudice the Defendants. *See* ECF. 90 at 8. Plaintiff is wrong. Defendant cannot simply admit or deny allegations related to the history of Israel, Iran, and the origins of Hamas. *See* ECF. 69 at ¶¶ 22-37. Nor can Defendants simply deny or admit allegations about whether Hamas has won supporters "worldwide," *Id.* at 27, the relative stability between Israel and

6

Palestine prior to October 7, 2023, *Id.* at 29, or Hamas' tactical decisions made on and after October 7, 2023, *Id.* at 30-37.

Here, the challenged allegations do not involve allegations of interactions involving *any* party. Instead, they focus on the actions of foreign governments and other groups not subject to this court's jurisdiction. This is sufficient basis to strike these allegations. *See* ECF. 77 at 8 ("[The challenged allegations] are removed from the alleged tort violations that occurred on April 15, 2024, by hundreds of years and thousands of miles. They drag this Court and the Parties into a geopolitical conflict that has been raging for decades. Defendants could not answer these allegations, nor could either party conduct discovery on them."); *Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 799 (N.D. Ill. 1997) (finding allegation is prejudicial because it was unrelated to any cause of action and would confuse the issues related to individual liability).

Plaintiff's reliance on *United States v. Am. Bank of Oklahoma,* No. 23-CV-371-CDL, 2023 WL 6393177, at *2 (N.D. Okla. Oct. 2, 2023), is similarly misplaced. There, the Court struck allegations relating to the Tulsa Race Massacre from a complaint filed over 100 years after the Massacre, finding that they were neither pertinent nor necessary to the parties' resolution of the claims. *Id.* The same is true here. Thousands of years of geopolitical history and Plaintiff's opinions about political theory are wholly unrelated to his tort claims. *Id.* ("The allegations regarding the Tulsa Race Massacre, while historically and technically accurate, are

7

clearly not essential or important to the determination of the plaintiff's specific claims involving lending practices a century later.")

Plaintiff argues with no citation to the complaint, that he has asserted a "nexus" and "a conspiracy" between the Defendants and Hamas and Iran and therefore this Court should deny Defendants' Motion. *See* ECF. 90 at 9. But Plaintiff's complaint alleges no such thing. Importantly, the Second Amended Complaint does not assert claims related to any legal conspiracy between the Defendants and Hamas or Iran. *Id.* at ¶¶94-146. Instead, Plaintiff asserts claims for false imprisonment and attempts to assert a private cause of action related to highway obstruction. *Id.* To the extent these causes of actions exist (something Defendants firmly dispute), the challenged factual allegations about Hamas, Iran, and geopolitical history are wholly immaterial and included solely to attack and vilify Defendants. On this basis, Defendants' Motion to Strike should prevail.

## CONCLUSION

For the reasons stated above and in Defendants' Motion to Strike, this Court should therefore strike from Plaintiff's complaint ¶¶2, 5, 22-37, 72, and the portions of ¶¶13, 18, 40, 43, and 63 that reference Hamas.

Dated: April 28, 2025                    Respectfully Submitted:

/s/ Sheila A. Bedi
Sheila A. Bedi
Community Justice and Civil Rights Clinic
Northwestern Pritzker School of Law
375 E. Chicago Ave.,

8

8th Floor Chicago, IL 60611
Phone: 312-503-2492
sheila.bedi@law.northwestern.edu

Megan Porter
PO Box 408246
Chicago, IL 60607
(872) 246-3379
port.cjm@gmail.com
***Attorneys for Defendants Jinan Chehade, Superior Murphy, Rifqah Faleneh, Simone Tucker, and Dissenters***

Amanda S. Yarusso
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 510-6198
amanda.yarusso@gmail.com
***Attorney for Defendants Jinan Chehade, Superior Murphy, Rifqah Faleneh and Simone Tucker***

s/Nora Snyder
Nora Snyder
Brad Thomson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070
norasnyder@peopleslawoffice.com
brad@peopleslawoffice.com

Dan Stormer
Hanna Chandoo
Hadsell Stormer Renick & Dai, LLP
128 N Fair Oaks Ave
Pasadena, CA 91103
(626) 585-9600
hchandoo@hadsellstormer.com
dstormer@hadsellstormer.com

***Attorneys for Defendant Jewish Voice for Peace***

9

        <u>s/ Robert L. Herbst</u>
        Robert L. Herbst
        rherbst@herbstlawny.com
        420 Lexington Avenue, Suite 300
        New York, New York 10170
        Tel: 914-450-8163 Fax: 888-482-4676

        ***Attorneys for Defendant WESPAC Foundation***