**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER MANHART, individually and on behalf of all others similarly situated, | ) ) | |
| | ) | No. 1:24-cv-8209 |
| Plaintiff, | ) ) | |
| | ) | Hon. Mary M. Rowland |
| v. | ) ) | |
| | ) | Magistrate Judge Keri L. |
| NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, et al., | ) ) | Holleb Hotaling |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WESPAC FOUNDATION INC'S
MOTION FOR LEAVE TO REPLY TO PLAINTIFF'S RESPONSE
TO WESPAC'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant WESPAC Foundation, Inc. ("WESPAC") respectfully moves for leave to submit this Reply to Plaintiff's Response to WESPAC's Notice of Supplemental Authority, Doc. 104, in order to identify certain inaccuracies in that Response.

1. Plaintiff characterizes the *Pollak* and *Helmann* decisions (hereinafter "*Pollak*") as having granted only WESPAC's motions to dismiss for lack of personal jurisdiction, Doc. 104*, ¶2,* when in fact those decisions also granted WESPAC's motions to dismiss for failure to state a claim. *Pollak* Doc. 131, at 32-34. (Your undersigned here was also WESPAC's counsel in *Pollak*).

2. Plaintiff states that the *Pollak* plaintiffs relied solely upon an agency theory of liability and did not contend that WESPAC and PYM were legally indistinguishable. Doc. 104*, ¶¶ 6, 7.* In fact, however, the *Pollak* plaintiffs also argued that "WESPAC and PYM's general fiscal sponsorship arrangement purportedly created an 'alter-ego relationship' or 'integrated entity,' in which PYM and WESPAC have 'no legal identity' separate from each other." *See* WESPAC's Reply Brief, *Pollak* Doc. 88, at 4 (5 of 12) (citing and quoting *Pollak* Am. Compl. ¶¶ 115, 137 and Plaintiff's Opposition Brief, *Pollak* Doc. 85, at 8, 9, 13 (13, 14, 18 of 23)).

3. Plaintiff states that he "has not relied upon an agency theory of liability[.]" Doc. 104, ¶ 7. But as WESPAC pointed out in its Reply Brief, Doc. 101, at 6-7, Plaintiff initially posited an agency theory before abandoning it in favor of a "one integrated entity" theory, newly alleged without any supporting factual allegations and in the face of sworn certifications to the contrary. That is precisely what happened in *Pollak*, *see Pollak* Doc. 88, at 4-6 (5-7 of 12), and the *Pollak* decision should be understood in that light in (1) holding that WESPAC's "role as PYM's fiscal sponsor[] does not create a sufficient link to PYM's conduct to support liability or personal jurisdiction[,]" *Pollak* Doc. 131, at 33;

and (2) rejecting plaintiff's theory of liability for breach of a duty of supervision of PYM's activities, based on the same IRS Revenue Ruling which Manhart argues creates the same legal duty to him to supervise the activities of NSJP here. *Pollak* Doc. 131, at 33-34.

4. Finally, Plaintiff argues that *Pollak* is distinguishable with respect to WESPAC's motion to dismiss here, but Plaintiff fails to identify or discuss one distinguishing factor on the issues of personal jurisdiction in common here and in *Pollak*.  Doc. 104.

Dated: June 26, 2025     HERBST LAW PLLC

          By:  /s/ Robert L. Herbst      
            Robert L. Herbst
            rherbst@herbstlawny.com
            420 Lexington Avenue, Suite 300
            New York, New York 10170
            Tel: 914-450-8163 Fax: 888-482-4676
            Attorneys for Defendant
            WESPAC Foundation