IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MANHART, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No. 1:24-cv-8209 |
| Plaintiffs, | ) ) | Hon. Mary M. Rowland |
| v. | ) ) | |
| NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT JEWISH VOICE FOR PEACE'S**
**MOTION FOR SANCTIONS**

Defendant Jewish Voice for Peace ("JVP"), by and through its undersigned counsel, respectfully move this Court to enter an order sanctioning Plaintiff Christopher Manhart ("Plaintiff) and his counsel and awarding attorneys' fees and costs to Defendant JVP. In support, JVP states as follows:

1. On September 9, 2024, Plaintiff, by and through his counsel, filed this lawsuit on behalf of a purported "class" of individuals who were allegedly stuck in traffic outside of Chicago's O'Hare International Airport on April 15, 2024. ECF 69 at ¶¶ 65-71, 80.

2. On January 6, 2025, counsel for Defendants Tides, Dissenters, and the Individual Defendants served upon Plaintiff's counsel letters pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Exhibits 1, 2).

3. On January 9, 2025, JVP, by and through their counsel, sent a letter to Plaintiff's counsel via email, pursuant to Rule 11, putting Plaintiff on notice that JVP intended to adopt any Rule 11 motions and relief that may be applicable to JVP. (Ex. 3).

1

4. On February 25, 2025, JVP filed its Motion to Dismiss Plaintiff's Second Amended Complaint under Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff had failed to state a plausible claim for relief. Dkt. 75. JVP further argued that Plaintiff brough his suit for the "improper purpose of harassing Defendants." *Id.*, at 37.

5. On February 25, 2025, Defendant Tides, along with Defendant Dissenters and the Individual Defendants filed motions for sanctions, pursuant to Fed. R. Civ. P. 11. Dkt. 72, 76.

6. On August 7, 2025, this Court issued an order granting all motions to dismiss filed by Defendants, including JVP's Motion to Dismiss. Dkt. 109.

7. In so ruling, this Court held that Plaintiff failed to state a claim under Rule 12(b)(6) for any of his purported claims. *Id.*, at 40.

8. In the same opinion, this Court granted the motions for sanctions filed by the Individual Defendants, Dissenters, and Tides Center. *Id.*, at 39. In its ruling, this Court found that Plaintiff's filings "were presented for the improper purpose of harassment and that the Plaintiff made legal contentions that were neither supported by existing law nor nonfrivolous arguments in favor of the extension or modification of existing law." *Id.*, at 34.

9. Pursuant to Rule 11, an attorney who presents a pleading to the court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the pleading is not being presented for an improper purpose, the claims are warranted by existing law, and the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b)(1)-(4).

10. The purpose of Rule 11 is to deter baseless filings. *Royce v. Michael R. Needle, P.C.*, 950 F.3d 939, 957 (7th Cir. 2020).

11. "[T]he decision to award sanctions under Rule 11" and what sanctions to award, including attorneys' fees, "is within the Court's discretion." *N. Ill. Telecom, Inc. v. PNC Bank, NA*, 2015 WL 1943271, at *5 (N.D. Ill. Apr. 29, 2015), *rev'd sub nom.* 850 F.3d 880 (7th Cir. 2017). "Under Rule 11 the court 'shall' award sanctions if it finds a violation." *Eberhardt v. Village of Tinley Park*, 2022 WL 22896754, at *2 (N.D. Ill. 2022) (citing *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989)).

12. As a result of the improper conduct by Plaintiff and his counsel, JVP has incurred substantial attorneys' fees and costs defending against this baseless suit.

13. Defendant JVP therefore respectfully moves this Court to enter an order finding that Plaintiff's counsel violated Rule 11 in its legal filings pursuing claims against Defendant JVP and award JVP reasonable attorneys' fees and costs incurred in connection with this action.

14. This motion is timely, as it is "well established" in this Circuit that motions for sanctions can be brought within 90 days after final judgment. *Sullivan v. Hunt*, 350 F.3d 664, 666 (7th Cir. 2003). Here, Defendant JVP brings this motion less than a week after this Court's order, which is well within the 90 day window permitted under the law.

WHEREFORE, for all the reasons stated above, Defendant JVP respectfully requests that this Court enter an order (1) sanctioning Plaintiff and his counsel and (2) awarding Defendant JVP reasonable attorneys' fees and costs incurred in connection with this action.

Dated: August 19, 2025                                Respectfully submitted,

                                                                     /s/ Brad J. Thomson
                                                                     Brad J. Thomson

Nora Snyder
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070
norasnyder@peopleslawoffice.com
brad@peopleslawoffice.com

/s/ Dan Stormer
Dan Stormer
Hanna Chandoo
Bina Ahmad
Hadsell Stormer Renick & Dai, LLP
128 N Fair Oaks Ave
Pasadena, CA 91103
(626) 585-9600
hchandoo@hadsellstormer.com
dstormer@hadsellstormer.com
***Attorneys for Defendant JVP***