January 6, 2025

**Via email**

Neville S. Hedley
Theodore H. Frank
M. Frank Bednarz
Hamilton Lincoln Law Institute
1440 W. Taylor Street, #1487
Chicago, Illinois 60607
ned.hedley@hlli.org
ted.frank@hlli.org
frank.bednarz@hlli.org

Max Schreiber
Hamilton Lincoln Law Institute
5868 E. 71st Street, Suite E-709
Indianapolis, Indiana 46220
max.schreiber@hlli.org

      *Re: Manhart v. AJP Education Foundation Inc., et al., No. 24-cv-08209 - Notice of Intent to Move for Rule 11 Sanctions*

Counsel,

      We write in our capacity as the attorneys for Defendants Jinan Chehade, Superior Murphy, Simone Tucker, Rifqa Falaneh ("Individual Defendants"), and Dissenters. This letter serves as notice of our intent to move for the imposition of sanctions pursuant to Fed. R. Civ. P. 11 against Plaintiff Christopher Manhart and your firm if your client does not dismiss this suit against our clients. A copy of the motion is attached with this correspondence, in accordance with Fed. R. Civ. P. 11(c)(2).

      This complaint asserts baseless legal claims against our clients predicated on conclusory statements that have no legal or factual basis. It was filed for the improper purpose of harassing, intimidating, and punishing our clients for engaging in their constitutionally protected free speech and assembly rights. It is sanctionable on both grounds provided by Rule 11, as set forth in more detail in the attached motion. *See Brown v. Fed. of State Med. Bds. of U.S.*, 830 F.2d 1429, 1435 (7th Cir. 1987) (authorizing sanctions for frivolous pleadings and those filed for improper purposes). As a result, the Individual Defendants and Dissenters demand that Plaintiff withdraw all legal claims against them and voluntarily dismiss this suit.

      The complaint is ungrounded in law and fact. All attorneys have an affirmative duty to investigate the facts and law prior to filing any pleading. 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 11.02[3], pp. 11-15 to 11-17 (2d ed. 1990) (footnotes omitted); 5A C. Wright & A. Miller, Federal Practice and Procedure § 1331, pp. 21 (2d ed. 1990). That duty is to make a reasonable inquiry into both fact and law. *Brown*, 830 F.2d at 1435. Neither inquiry could have

1

occurred, based on even a cursory review of the claims. Your client brings obstruction of highway, public nuisance, and false imprisonment claims against the Individual Defendants. The first two are impossible assertions, as there is no private right of action to enforce a statutory violation of this sort under Illinois law. *See* 720 ILCS 5/47-5(5). The state is tasked with enforcing these laws, not your client as a private citizen. As for false imprisonment, you lack the necessary intent and actual confinement of your client to prevail, according to even a liberal reading of the facts alleged. The complaint repeatedly states that the purpose of the blockades was to disrupt the economy, not to confine your client. ECF 33 at ¶¶ 2, 25, 41, 44, 51-52. Similarly, the complaint repeatedly references other drivers who left their vehicles to secure other means of transportation to O'Hare. *Id.* at ¶ 70. An inconvenience does not amount to imprisonment. Restatement (Second) of Torts § 36 (1965); *Hanna v. Marshall Field & Co.*, 279 Ill. App. 3d 784, 794; *Marcano v. Northwestern Chrysler-Plymouth Sales, Inc.*, 550 F. Supp. 595, 603 (N.D. Ill. 1982). Without these underlying torts, all conspiracy, in-concert, and aiding and abetting claims against the Individual Defendants and Dissenters fail. But even if the underlying torts remained intact, the conclusory statements provided in the complaint would fail to support any suggestion that there was an agreement between our clients and other Defendants. The allegations amount to vague assertions that our clients used A15 coordination accounts, based on no more than your client's "information and belief." ECF 33 at ¶¶ 53, 57. All other attempts to tie our clients into a conspiracy to plan and participate in the April 15 protest rely either on news articles or social media posts that do not mention them, or social media posts created *after* the blockade. ECF 33-1 at ¶¶ 36, 4-46, 56, 69-70, 76-77. The complaint is bereft of any factual basis to support a meeting of the minds and acts in furtherance of the underlying tort, as required to allege this category of claims.

Second, the complaint was filed for a plainly improper purpose. It is a bare attempt to harass, intimidate, and punish our clients for their alleged roles in a protest. And it shows its cards on this front–twice. An improper purpose may be shown through direct evidence of subjective intent or an automatic inference when a meritless claim is ungrounded in law and fact. *Vandeventer v. Wabash Nat. Corp.*, 893 F. Supp. 827, 840 (N.D. Ind. 1995). As outlined above, the claims asserted are meritless. There is no private right of action to sue for obstructing a highway as a public nuisance, and the few conclusory statements provided about our clients cannot support any remaining theory. What is more, the plain language of the complaint cements the bad faith nature of this filing. Whether it be *ad hominem* attacks on our clients' character, ECF 33 at ¶¶ 1, 8, 16, 45, or thinly veiled attempts to prime the reader to paint our clients' advocacy as "terrorism," *id.* at ¶¶ 2, 16, 30, 34, 41, 44, the ultimate goal of this filing is the same. The Complaint makes clear that the true impetus for filing these claims—Plaintiff disagrees with our clients' opposition to US support of Israel's ongoing genocide in Gaza, seeks to harass and silence them for those positions, and wishes to chill any further efforts to engage in protected First Amendment activity. The improper purpose of this filing is evident, and it should be withdrawn in whole.

For the foregoing reasons, we demand that Plaintiff Christopher Manhart dismiss this suit against our clients. Under the safe harbor provisions of Rule 11, we are putting you on notice of our intention to file the attached motion for sanctions if you do not dismiss the Complaint within 21 days of receiving this letter.

2

Case: 1:24-cv-08209 Document #: 116-2 Filed: 08/19/25 Page 3 of 3 PageID #:1631

| | |
|---|---|
| s/Sheila Bedi<br>Sheila A. Bedi<br>Roderick Macarthur Justice Center<br>375 E. Chicago Ave.<br>Chicago, IL 60611<br>(312) 503-2492<br>sheila.bedi@law.northwestern.edu<br>*Attorney for Defendants Jinan Chehade, Superior Murphy, Simone Tucker, Rifqa Falaneh, and Dissenters* | s/Amanda S. Yarusso<br>Amanda S. Yarusso<br>1180 N. Milwaukee Ave.<br>Chicago, IL 60642<br>(773) 510-6198<br>amanda.yarusso@gmail.com<br>*Attorney for Defendants Jinan Chehade, Superior Murphy, Simone Tucker, and Rifqa Falaneh* |
| s/Megan Porter<br>Megan Porter<br>PO Box 408246<br>Chicago, IL 60607<br>(872) 246-3379<br>port.cjm@gmail.com<br>*Attorney for Defendants Jinan Chehade, Superior Murphy, Simone Tucker, Rifqa Falaneh, and Dissenters* | |