IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANHART, *individually and on behalf of all others similarly situated*, <br><br> *Plaintiff*, <br><br> v. <br><br> AJP EDUCATION FOUNDATION, INC. d/b/a AMERICAN MUSLIMS FOR PALESTINE, WESPAC FOUNDATION, INC., NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, DISSENTERS, EDUCATION FOR A JUST PEACE IN THE MIDDLE EAST, d/b/a US CAMPAIGN FOR PALESTINIAN RIGHTS, JEWISH VOICE FOR PEACE, TIDES CENTER, d/b/a COMMUNITY JUSTICE EXCHANGE, JINAN CHEHADE, SUPERIOR MURPHY, RIFQA FALANEH, and SIMONE TUCKER, <br><br> *Defendants*. | No. 1:24-cv-8209 <br><br> Hon. Mary M. Rowland <br><br> Magistrate Judge Keri L. Holleb Hotaling |

**DEFENDANT WESPAC FOUNDATION, INC.'S SECOND MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant WESPAC Foundation, Inc. ("WESPAC"), by and through its attorneys, and pursuant to Rule 11 of the Federal Rules of Civil Procedure, hereby respectfully moves this Court for sanctions against Plaintiff and Plaintiff's counsel. In support of this motion, WESPAC submits the accompanying memorandum of law, and states as follows:

1. On January 29, 2025, Plaintiff and his counsel filed the Second Amended Complaint ("SAC") (ECF 69) in violation of Rule 11(b) of the Federal Rules of Civil Procedure, which provides in pertinent part: "REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later

advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . ." Fed. R. Civ. P. 11(b).

2. Specifically, the SAC (1) is not grounded in or supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (2) was filed for an improper purpose, *i.e.,* to harass WESPAC and the other Defendants, for the reasons set forth in the accompanying memorandum of law.

3. Pursuant to Rule 11(c), on February 28, 2025, WESPAC delivered a Rule 11 letter (the "Letter") to Plaintiff's counsel, more than 21 days before WESPAC filed this Motion with the Court.

4. The Letter called attention to, and incorporated the reasons and authorities contained in, WESPAC's prior Rule 11 letters and motion WESPAC had delivered to Plaintiff's counsel demanding that the frivolous claims against WESPAC contained in Plaintiff's original Complaint and First Amended Complaint be withdrawn. The Letter explained that the SAC did not cure any of the Rule 11 violations in those earlier complaints but rather repeated the same frivolous causes of action and the equally frivolous claim of personal jurisdiction over WESPAC, without any allegations that might provide a factual or legal basis for Plaintiff's positions. The Letter demanded that the SAC be withdrawn and notified Plaintiff and his counsel of WESPAC's intent to file another Rule 11 motion if it were not withdrawn within Rule 11's 21-day safe harbor provision.

5. The Letter (again) informed Plaintiff and his counsel that WESPAC was unaware of and had nothing to do with the April 15, 2024 protest, that no WESPAC or NSJP funds were contributed to it, and that the SAC actually did not allege otherwise. The Letter explained that the SAC's theory that WESPAC's acting generally as fiscal sponsor to NSJP automatically subjects it to liability for anything NSJP allegedly did to anyone, anywhere was frivolous, especially in the absence of (i) any case imposing on a fiscal sponsor any duty to third parties like Plaintiff, with whom WESPAC had no relationship or awareness, or (ii) factual allegations specifically tying WESPAC to the protest. Because no money went from WESPAC to NSJP in relation to the protest, WESPAC simply could not have caused any injury or be liable to Plaintiff, even if there were some non-frivolous legal basis (there is not) for Plaintiff's false "belief" that NSJP was an alter ego or agent of WESPAC, or for Plaintiff's "negligence/recklessness" theory offered first in the SAC that sought to impose on WESPAC a (non-existent) legal duty to drivers allegedly affected by the protest (that WESPAC had no knowledge or awareness of). And even if there had been some legal basis for imposing a duty to Plaintiff to control the "use of funds" by NSJP under the Revenue Ruling cited by Plaintiff (there is not), the fact that no NSJP funds were used for any purpose in connection with the protest doomed his frivolous case against WESPAC.

6. The Letter then proceeded to explain why the underlying tort claims of false imprisonment, public nuisance, and "foreseeable injury caused by intentional breach of duty" against all Defendants were entirely bereft of factual or legal basis; and that, in the absence of any valid underlying torts, the derivative conspiracy, aiding and abetting, and in-concert liability claims against WESPAC were baseless on that independent basis as well.

7. Despite the February 28, 2025 Rule 11 letter, Plaintiff and his counsel failed to withdraw the SAC against WESPAC.

8. Because of Plaintiff's and his counsel's improper conduct, WESPAC has incurred substantial attorneys' fees and costs in defending itself against this frivolous lawsuit.

WHEREFORE for all the reasons stated in this motion and accompanying memorandum of law in support, Defendant WESPAC respectfully requests that this Court enter an Order granting WESPAC's motion for sanctions against Plaintiff and his counsel and awarding WESPAC reasonable attorneys' fees and costs incurred in connection with this action; together with such further relief to WESPAC that this Court deems just and proper.

Dated: August 20, 2025

HERBST LAW PLLC

/s/ *Robert L. Herbst*
Robert L. Herbst
420 Lexington Avenue, Suite 300
New York, New York 10170
rherbst@herbstlawny.com
Tel: 914-450-8163

HUMAN RIGHTS FIRST
Joshua Colangelo-Bryan (*pro hac vice* application forthcoming)
121 West 36th Street
PMB 520
New York, NY 10018
colangeloj@humanrightsfirst.org
Tel: 212-845-5243

Attorneys for Defendant
WESPAC Foundation, Inc.

## CERTIFICATE OF SERVICE

I, Robert L. Herbst, an attorney, certify that I caused copies of the foregoing **DEFENDANT WESPAC FOUNDATION, INC.'S MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE** to be served on all counsel of record via the Court's electronic filing system.

                                                                /s/ *Robert L. Herbst*
                                            *Attorney for WESPAC Foundation, Inc.*