UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANHART, on behalf of himself and all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>WESPAC FOUNDATION, INC., *et al.*,<br><br>    *Defendants*. | Case No. 1:24-cv-08209<br><br>Honorable Mary M. Rowland |

**Plaintiff's Motion for Stay of Collateral Proceedings
or, in the Alternative, an Extension of Time to File Response**

    Plaintiff Christopher Manhart moves for a stay of all pending collateral Rule 11 motions and Local Rule 54.3 deadlines while his merits appeal is pending.

    If the Court denies a stay, Manhart moves unopposed in the alternative for an extension of time to file a response.

    Manhart recognizes that this motion is redundant with the Court's August 7 order (Dkt. 108) for a joint status report on pending deadlines for collateral Local Rule 54.3 issues. Because the questions of staying the pending Rule 11 motions and the pending Local Rule 54.3 deadlines are interrelated and identical, Manhart requested that the Defendants agree to a joint status report that discussed all of the parties' positions and reasoning on all of the pending deadlines related to collateral issues.

    Regrettably, Defendants take the position that it would violate the Court's August 7 order to discuss the pending Rule 11 motions in the joint status report the Court ordered made. JVP's counsel further threatened Manhart in an August 26 email that Manhart's "inappropriate" request for a joint status report that included his full position "evidences

[Manhart's] improper purpose in pursuing this lawsuit." On August 27, WESPAC's counsel communicated by email that "WESPAC shares JVP's position on this." Manhart requested clarification of JVP's and WESPAC's threats, and in August 27 emails, neither disclaimed an intent to file additional sanctions motions, repeating that Manhart's position was not "appropriate." Defendants' threat of yet more post-judgment sanctions motions if Manhart did not agree to a version of the joint status report that would unfairly prejudice him have unnecessarily multiplied proceedings by requiring Manhart to make this separate and redundant motion.

1. On August 7, 2025, the Court granted Defendants' motions to dismiss to the extent they sought to dismiss the Second Amended Complaint for failure to state a claim under Rule 12(b)(6), and granted the Tides Center and Individual Defendants' and Dissenters' ("the Granted Sanctions Motions Defendants'") motions for sanctions under Rule 11. Dkt. 109. The same day the Court issued a separate order memorializing these holdings and terminating the case. Dkt. 108. That order also directed counsel for the Tides Center, Individual Defendants, and Dissenters "to meet and confer with Plaintiff's counsel pursuant to the procedures laid out in Local Rule 54.3(d) regarding an appropriate calculation of attorneys' fees" and "to file a joint statement as contemplated by Local Rule 54.3(e) by 10/16/25," and also directed "all parties … to file a joint status report with the Court by 9/4/25 indicating whether, because of an appeal, the deadline regarding fees should be stayed." *Id.*

2. On August 8, 2025, Plaintiff filed a notice of appeal of the final decision on the merits. Dkt. 110. His opening brief is due on September 22, 2025. The sanctioned attorneys have not yet appealed the August 7 decision on sanctions, because, under Seventh Circuit law, that decision does not become an appealable final decision until the award of fees is set. *See generally Prop. Unlimited, Inc. Realtors v. Cendant Mobility Servs.*, 384 F.3d 917, 919 (7th Cir. 2004) (dismissing appeal for failing to meet FRAP 4 deadline despite lack of formal Rule 58 "judgment" when case was dismissed with prejudice); *McCarter v. Ret. Plan for*

*the Dist. Managers of the Am. Family Ins. Grp.*, 540 F.3d 649, 653-54 (7th Cir. 2008) (fee shifting decision is collateral and not final until fees are set); *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988) (existence of non-final collateral decision on fees does not affect finality of decision on merits).

3. The Plaintiff-Appellant and all Defendant-Appellees agree that, under Seventh Circuit law, this Court's "terminating order [on Defendants' motions to dismiss] was a final decision" that is appealable and started the Rule 4 clock to file a notice of appeal, and that this Court also "issued a non-final decision on sanctions" that is not yet appealable. *Manhart v. WESPAC Found. Inc.*, Case No. 25-2382 (7th Cir.), Dkts. 8, 13.

4. On August 18 and 20, 2025, Defendants Jewish Voice for Peace and WESPAC filed post-judgment Rule 11 motions for sanctions. Dkts. 116, 118-19.

5. A docket entry "made by the Clerk on Thursday, August 21, 2025" stated "MINUTE entry before the Honorable Mary M. Rowland: Response to motions for sanctions [116] and [118] filed by Jewish Voice for Peace and Wespac due 9/18/25; replies, limited to 6 pages, due 10/2/25. Mailed notice. (lxk, )". Dkt. 120.

6. Manhart moves for a stay. All pending litigation relating to collateral Rule 11 and Rule 54.3 questions should be stayed while the merits appeal is pending to conserve judicial resources and avoid multiplication of proceedings. There is a substantial chance that all of the pending collateral litigation will be entirely mooted by the results of the merits appeal. But a final decision on the sanctions and fee motions would require all the parties to engage not just in wasteful negotiation and briefing in this court, but wasteful parallel appellate briefing in the Seventh Circuit.

7. However, Manhart does not wish to have some collateral proceedings stayed, while others move forward, because that puts him in the position of having to make multiple piecemeal appeals if some Rule 11 decisions become final while others are stayed, which would be even more wasteful than a global denial of a stay.

8. With respect to the pending Rule 54.3 deadlines, the Granted Sanctions Motions Defendants have communicated that they wish to stipulate to a stay in the joint status report. As discussed above, Manhart would agree to a stay if it avoids piecemeal appeals by being a complete stay, but does not want a situation where some defendants are permitted to move forward and multiply proceedings and force Manhart to have multiple appeals on Rule 11 decisions. As discussed above, the Defendants take the position that Manhart is not allowed to discuss his reasoning for wishing to stay the pending Rule 11 motions in the joint status report, requiring this redundant discussion of the pending Rule 54.3 deadlines here.

9. WESPAC and JVP are against staying their pending motions for sanctions, and argue that the Court's August 21 minute order precludes discussing the question because it shows the Court's intent not to request the parties' position on a stay.

10. If the Court does not wish to stay the pending collateral motions and Rule 54.3 deadlines, Manhart asks in the alternative for a two-week briefing extension from September 18 to October 2 to file his response brief. WESPAC and JVP do not oppose the contingent motion for a two-week extension of the Rule 11 briefing, but state that they would oppose any other motions for extension.

11. Manhart requests an extension for the following reasons:

   a. The pending motions for sanctions adopt by reference the Court's August 7 opinion, which makes arguments in support of sanctions that Manhart had no previous notice of and no opportunity to respond to, and require a lengthy declaration by Mr. Frank, who is also Manhart's appellate counsel.

   b. Manhart's counsel, a six-attorney firm (one of whom will be leaving the firm shortly, while three others are part-time), has filings due in an already-negotiated schedule in multidistrict litigation in the Northern District of Illinois on September 2 and September 22 on remand from a

      successful Seventh Circuit appeal; a September 6 deadline in the Eastern District of New York on remand from a successful Second Circuit appeal; and immovable deadlines of September 18 in the Northern District of California for a Rule 23(e) objection and September 19 in the Supreme Court of the United States for an *amicus* brief.

c. Mr. Frank has four appointments on four days with three sets of doctors between now and September 9 relating to his recent heart transplant and complications from anti-rejection medications for his heart transplant; and a preexisting commitment to speak on a panel at a national convention on September 2, requiring travel from Texas to Washington, DC.

d. Finally, Manhart's opening brief in the Seventh Circuit in the appeal of this case is due in less than four weeks, on September 22, requiring his appellate counsel's full attention on days (including weekends and holidays) that he is not at the doctor or traveling.

e. Manhart's appellate counsel further expects several parties to file *amicus* briefs in support of his Seventh Circuit appeal on September 29. The Court's decision-making on the pending motions for sanctions will be aided by the appellate briefing on the merits.

12. Manhart has no interest in delay. He noticed his appeal twenty-nine days before the Rule 4 deadline, and currently plans to file his opening brief on the September 22 deadline.

13. For these reasons, the Court should stay proceedings on the collateral Rule 11 motions and the collateral Local Rule 54.3 deadlines until the Seventh Circuit mandate issues on the pending merits appeal. If the Court does not stay the proceedings on the collateral Rule 11 motions, it should grant Manhart's unopposed motion for a change in the briefing schedule for the response to the Rule 11 motions.

Dated: August 27, 2025                /s/ *Theodore H. Frank*
                                       Theodore H. Frank (IL Bar No. 6224948)
                                       HAMILTON LINCOLN LAW INSTITUTE
                                       1629 K St. NW, Suite 300
                                       Washington, DC 20006
                                       (703) 203-3848
                                       ted.frank@hlli.org

                                       *Attorneys for Plaintiff*

**Certificate of Service**

I certify I have electronically filed this Motion via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing.

Dated: August 27, 2025

<u>/s/ *Theodore H. Frank*</u>