IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANHART, individually and on behalf of all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) NATIONAL STUDENTS FOR JUSTICE IN ) PALESTINE, et al., ) ) Defendants. ) ) | Case No. 1:24-cv-8209 Hon. Mary M. Rowland |

**DEFENDANTS JEWISH VOICE FOR PEACE AND WESPAC'S JOINT RESPONSE TO PLAINTIFF'S MOTION FOR STAY OF COLLATERAL PROCEEDINGS OR, IN THE ALTERNATIVE, AN EXTENSION OF TIME TO FILE RESPONSE**

Defendants Jewish Voice for Peace (JVP) and WESPAC Foundation, Inc. (WESPAC), jointly respond as follows to Plaintiff's Motion for Stay of Collateral Proceedings or, in the Alternative, an Extension of Time to File Response:

Defendants JVP and WESPAC believe briefing on their pending Rule 11 motions should proceed. Plaintiff requests a stay because he fears that allowing briefing on the Rule 11 motions could result in multiple piecemeal appeals. Dkt. 122, Pl.'s Mot. ¶ 7. But that is not the case. A decision granting JVP's and WESPAC's Rule 11 motions will simply put JVP and WESPAC in the same procedural posture as Defendants Tides Center, Dissenters, and the Individual Defendants, whose Rule 11 motions were granted. Should JVP's and WESPAC's motions be granted, they have already agreed along with the rest of the Defendants to stay the calculation of fees pursuant to Local Rule 54.3 until after the resolution of Plaintiff's appeal. Dkt. 123, Aug. 28 2025 Joint Status Report ¶ 3. Proceeding with briefing and decision on the pending Rule 11 motions will therefore simplify proceedings, by allowing all parties whose sanctions motions are

1

granted to address their fees simultaneously. Whether the pending motions are granted or not, there will be only one final judgment on sanctions, which Plaintiff can appeal if he chooses. If he does, there will be only the two appeals now contemplated by all parties. Plaintiff's fear of "multiple appeals on Rule 11 decisions" is thus illusory and not a basis to delay resolution of Defendants' motions. Dkt. 122 ¶ 8. Defendants do not object to Plaintiff's alternative request for a two-week extension of the briefing schedule.

Plaintiff's motion, as with many of his filings before this Court, is replete with misrepresentations of the parties' communications.[1] Plaintiff also neglected to mention that counsel for all defendants actively worked for days to complete a joint status report that would be acceptable to all parties. Defense counsel provided a draft JSR to Plaintiff's counsel on 9 PM on August 27, 2025, that included Plaintiff's request for a stay. After days of insisting that he would not agree to a JSR that did not include that extraneous request, Plaintiff rejected that draft in favor of filing this motion. Although Defendants JVP and WESPAC do not (and never did) intend to seek sanctions based on Plaintiff's counsel's conduct surrounding this filing, counsel's behavior is yet more evidence of what this Court has already found—that this lawsuit was filed for the improper purpose of harassing Defendants.

WHEREFORE, Defendants JVP and WESPAC respectfully request that the Court deny Plaintiff's request to stay briefing on Defendants' Rule 11 Motions, as set forth herein.

---

[1] Neither JVP nor WESPAC wish to burden the Court with a lengthy recitation of their disagreement with Plaintiff's version of the facts. However, they feel compelled to clarify that neither threatened to file any additional motions for sanctions related to this motion or the joint status report. Dkt. 122 at 1–2. Rather, they repeatedly requested that the joint status report be limited to the matters requested by the Court and objected to Plaintiff's attempt to shoehorn an opposed motion for stay into a joint status report. After repeated exchanges, counsel for JVP expressed that the behavior of Plaintiff's counsel was another example of "forcing Defendants' counsel to expend unnecessary resources" and that it "further evidences the Plaintiff's improper purpose in pursuing this lawsuit." And when WESPAC emailed Plaintiff's counsel, "WESPAC shares JVP's position on this," WESPAC was endorsing a JVP email setting forth its position on the contents of the Joint Status Report which contained no threat to file an additional sanctions motion.

| | |
|---|---|
| Dated: September 2, 2025 | Respectfully submitted, |
| /s/ Robert L. Herbst | /s/ Nora Snyder |
| Robert L. Herbst | Nora Snyder |
| HERBST LAW PLLC | Brad J. Thomson |
| 420 Lexington Avenue, Suite 300 | People's Law Office |
| New York, New York 10170 | 1180 N. Milwaukee Ave. |
| rherbst@herbstlawny.com | Chicago, IL 60642 |
| Tel: 914-450-8163 | 773-235-0070 |
| | norasnyder@peopleslawoffice.com |
| | brad@peopleslawoffice.com |
| **Attorneys for Defendant WESPAC** | |
| | **Attorneys for Defendant JVP** |